### NATIONAL LABOR RELATIONS BOARD v. PUGH & BARR, Inc.

No. 6369.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 8, 1953.

Decided Oct. 14, 1953.

Rose Mary Filipowicz, Washington, D. C. (George J. Bott, Gen. Counsel; David P. Findling, Assoc. Gen. Counsel; A. Norman Somers, Asst. Gen. Counsel, and Arnold Ordman, Washington, D. C., on brief), for petitioner.

W. Paul McWhorter, Clarksburg, W. Va. (John S. Stump, Jr., Clarksburg, W. Va., on brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition by the National Labor Relations Board to enforce an order fixing the back pay of a discharged employee, Benjamin S. Bramer, in a case in which a general enforcement order was heretofore entered by this court. N. L. R. B. v. Pugh & Barr, Inc., 4 Cir., 194 F.2d 217. Bramer was discharged on May 16, 1949 and declined re-employment on April 3, 1952. The Board's order was arrived at by taking the wages paid during this period to Trader, another employee of similar grade, which amount to $7,361.42 and subtracting therefrom the interim earnings of Bramer on a quarterly basis, leaving a difference of $5,381.40, which is the amount respondent was ordered to pay Bramer. Bramer was an ordinary unskilled laborer and it appears that the large amount of back pay awarded him was due to the fact that the earnings credited for a period of two years was only $294.20. It is incredible that Bramer could not have earned more than this during that period if he had made reasonable efforts to find employment, when the evidence

shows that Trader during the same period was earning $5133.61. The Board seems to have reached the conclusion that it did on the basis that Bramer, having registered with the state unemployment agency, was not bound to make any further showing of diligence. We do not think that this is sufficient. The awarding of so large a sum as back pay without the finding of special circumstances justifying it cannot be sustained. We shall accordingly set aside the Board's order and remand the case to the Board with direction that it make specific findings of fact with respect to the matter and award to Bramer no more than the difference between what he could have earned by working for respondent if he had not been wrongfully discharged and what he could have earned elsewhere if he had used due diligence to secure other employment.

Order set aside and case remanded.