**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**PUGH AND BARR, Inc., Respondent.**

**No. 6369.**

United States Court of Appeals
Fourth Circuit.

Argued March 20, 1956.

Decided April 9, 1956.

Rose Mary Filipowicz, Atty., N. L. R. B. (Theophil C. Kammholz, Gen. Counsel, David P. Findling, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Arnold Ordman, Atty., N. L. R. B., on the brief), for petitioner.

W. Paul McWhorter, Clarksburg, W. Va. (John S. Stump, Jr., Clarksburg, W. Va., on the brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is the third time that this case has been before us. When it was first here a general enforcement order was entered. N. L. R. B. v. Pugh & Barr, Inc., 4 Cir., 194 F.2d 217. On the second occasion, we set aside an order of the Labor Board fixing the back pay of one Bramer to be paid under the original order and remanded the case to the Board with direction that it make specific findings of fact with respect to the matter and award to Bramer no more than the difference between what he could have earned by working for respondent if he had not been wrongfully discharged and what he could have earned elsewhere if he had used due diligence to secure other employment. N. L. R. B. v. Pugh & Barr, Inc., 4 Cir., 207 F.2d 409.

Upon remand, the Labor Board appointed an examiner who had not theretofore been connected with the case to conduct a hearing in accordance with our order. This was done and a lengthy hearing was held at which a great volume of testimony was taken. The examiner made a report to the Board containing detailed findings of fact, showing that Bramer had used due diligence in seeking other employment and that, with the exception of one minor item, he had been unable to obtain employment resulting in greater earnings than he had reported. The examiner reported that this failure on the part of Bramer to obtain employment for a greater portion of the period and to earn more wages was because of his age and because of labor conditions in the surrounding area. These findings were approved by the Board, which after analyzing them at considerable length, stated its conclusions as follows:

"In view of the above findings, the circumstances outlined in the Intermediate Report, and particularly the Trial Examiner's findings that this area in West Virginia is generally a labor surplus area and unemployment there was high during 1949, 1950, and the spring of 1951, we are convinced that the Trial Examiner correctly concluded that Bramer's failure to earn more money than he did was not because of his lack of effort, and that there were 'special circumstances' justifying the large sum of back pay."

The findings of the Examiner and the Board are unquestionably sustained by substantial evidence on the whole record; and, while some of the evidence might not have been believed by us if we were passing upon its credibility and while the amount of back pay impresses us as being larger than we would have awarded, it is elementary that we have no power to pass upon

questions of credibility, nor may we substitute our judgment for that of the Board where there is substantial evidence on the whole record to support its order. The order of the Board will accordingly be enforced.

Order enforced.