Marcel Mallet-Prevost, Asst. Gen. Counsel, and Eugene A. Keeney, Managing Atty., Washington, D. C., for petitioner.

H. D. Linscott, Lynn, Mass., for respondent.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**Holger HANSEN, d/b/a Holger Hansen and Hansen Manufacturing Co., Respondent.**

**No. 4949.**

United States Court of Appeals, First Circuit.

Submitted March 14, 1955.

Decided March 28, 1955.

PER CURIAM.

Upon a charge of unfair labor practices duly filed by International Union of Electrical, Radio and Machine Workers, CIO, a complaint was issued in the name of the general counsel of the National Labor Relations Board on July 26, 1954, against Holger Hansen and Hansen Manufacturing Co., a Massachusetts corporation. It was alleged in the complaint, and admitted in the answer filed by the two respondents, that respondents have maintained their principal office and place of business at 244 Broad Street, Lynn, Mass., at which plant they have been continuously engaged in the manufacture, sale and dis-

tribution of dies, tools, gauges, circuit breakers, and related products; also that the two respondents "constitute a single employer within the meaning of the Act." The complaint alleged that respondents had engaged in the unfair labor practice described in § 8(a) (2) of the National Labor Relations Act, 29 U.S.C.A. § 158(a) (2) in that they had initiated, dominated, and contributed to the support of a company union; also that respondents had interfered with, restrained and coerced their employees in the exercise of their rights guaranteed in § 7 of the Act and had thereby engaged in the unfair labor practice described in § 8(a) (1). The answer of respondents denied the commission of any unfair labor practices.

Upon due notice a hearing on the complaint was held before a trial examiner, at which hearing respondents participated. The trial examiner made to the Board a report containing his findings of fact sustaining the charges of unfair labor practices and a recommended order which, so far as we can see, was in the usual form. Respondents filed no exceptions to the trial examiner's report and recommended order. Thereafter, pursuant to § 10(c) of the Act, as amended, 61 Stat. 147, the Board adopted as its own the findings and recommended order of the trial examiner, and on November 16, 1954, issued its own order in the recommended terms.

The Board now petitions this court for the summary entry of a decree, upon the basis of the transcript of the administrative record, enforcing its order against respondents. The Board makes the point that there is no justiciable issue before us, since § 10(e) of the Act, as amended, 61 Stat. 148, provides: "No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."

Respondents through counsel have entered an appearance before this court and have filed a memorandum in opposition to the summary entry of the decree. The memorandum does no more than take exception to the wording of the recommended order of the trial examiner, which recommended order the Board was obliged to adopt as its own in the absence of the filing of any exceptions by the respondents. The memorandum, however, offers no excuse for the failure of respondents to file exceptions to the trial examiner's report.

There is no doubt that respondents were subject to the Act and that the Board had jurisdiction to enter its order in question. Under the circumstances, and in accordance with our opinion in N.L.R.B. v. Auburn Curtain Co., Inc., 1 Cir., 1951, 193 F.2d 826,

A decree will be entered enforcing the order of the Board.