**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BULL INSULAR LINES, Inc., et al., Respondents.**

**No. 5115.**

United States Court of Appeals First Circuit.

May 18, 1956.

------◆------

David P. Findling, Associate Gen. Counsel, and Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., for petitioner.

Jose L. Novas and Hartzell, Fernandez & Novas, San Juan, P. R., for Bull Insular Lines, Inc., and Waterman Dock Co., Inc., respondents.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

The National Labor Relations Board has petitioned for the summary enforcement of an order issued by the Board on April 23, 1954, against respondents Bull Insular Lines, Inc., Waterman Dock Co., Inc., and Local 1585, Mayaguez Union of the International Longshoremen's Association. The three respondents were duly notified of the filing of the Board's petition but the return day went by without any opposition being filed, and since then no opposition has been filed on behalf of any of the respondents.

We have examined the administrative transcript and have satisfied ourselves that each of the respondents was subject to the National Labor Relations Act, as amended, 29 U.S.C.A. § 151 et seq., and that the Board had jurisdiction to enter the order in question. It also appears that upon due notice a hearing on the Board's complaint was held before a trial examiner, at which hearing the respondents all participated, and that the trial examiner made to the Board a report containing his findings of fact and recommended order.

■ The union-respondent filed no exceptions to such report and recommended order, and therefore this respondent is precluded from contesting in the court of appeals not only the substantive findings of unfair labor practices against it but also the validity of the Board's remedial order. N. L. R. B. v. Auburn Curtain Co., Inc., 1 Cir., 1951, 193 F.2d 826; N. L. R. B. v. Hansen, 1 Cir., 1955, 220 F.2d 733.

■ Respondents Bull Insular Lines, Inc., and Waterman Dock Co., Inc., did file exceptions to the trial examiner's report, not directed to the sufficiency of the evidence to support the findings by the examiner as to the commission of the unfair labor practices, but limited to a challenge of the appropriateness of a term of the recommended order that the employer-respondents and the union-respondent should be held jointly and severally liable for the pecuniary losses suffered by various individuals as a result of the discriminatory practices found to have been engaged in. The objection which the respondent companies took to the form of the proposed remedial order was one that the Board properly rejected, as we held in N. L. R. B. v. Puerto Rico Steamship Ass'n, 1 Cir., 1954, 211 F.2d 274.

A decree will be entered enforcing the order of the Board.