**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LOCAL 170, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, etc., et al., Respondents.**

**No. 5147.**

United States Court of Appeals
First Circuit.

Sept. 28, 1956.

Marcel Mallet-Prevost, Asst. Gen. Counsel, and Eugene Adams Keeney, Managing Atty., Washington, D. C., for petitioner.

John M. Hart and Christy A. Pano, Worcester, Mass., for respondents.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

The National Labor Relations Board now petitions for summary entry of a decree enforcing a Board order dated May 3, 1956. Upon motion by respondents, we allowed an extension of time for filing an opposition to the petition; but no such opposition was filed by respondents within the time so extended.

It appears from an inspection of the transcript that the Board's General Counsel filed complaints against an employer, Western Pork Packers, Inc., and against the respondent Union and its business agent. It is clear that there was sufficient factual basis for this exercise of the Board's jurisdiction. The proceedings were consolidated for hearing by a trial examiner, at which hearing all parties were represented and participated.

On December 27, 1955, the trial examiner filed his Intermediate Report. In this report the examiner, having found that the employer had not been guilty of the unfair labor practices as charged, recommended that the complaint against Western Pork Packers, Inc., be dismissed in its entirety. On the other hand, the examiner found that the Union and its business agent had committed certain unfair labor practices as charged and recommended the entry of a typical order by the Board against these respondents.

The respondents, though duly notified, failed to file any exceptions to the Intermediate Report by the trial examiner, in default of which the Board, pursuant to § 10(c) of the National Labor Relations Act, 29 U.S.C.A. § 160(c), issued its order in the terms of the recommended order. No showing has been made by respondents of any extraordinary circumstances which would serve to excuse the failure to file with the Board any objections to the Intermediate Report.

Under the circumstances it is clear that the petition for summary enforcement should be granted. See N. L. R. B. v. Bull Insular Lines, Inc., 1 Cir., 1956, 233 F.2d 318; N. L. R. B. v. Hansen, 1 Cir., 1955, 220 F.2d 733; N. L. R. B. v. Auburn Curtain Co., Inc., 1 Cir., 1951, 193 F.2d 826.

A decree will be entered enforcing the order of the Board.