**NATIONAL LABOR RELATIONS BOARD v. NOROIAN et al.**

**No. 13146.**

United States Court of Appeals
Ninth Circuit.

Nov. 28, 1951.

George J. Bott, Gen. Counsel, NLRB., David P. Findling, Assoc. Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, Frederick U. Reel and Abraham H. Maller, Attys., NLRB., all of Washington, D. C., for petitioner.

Crossland & Crossland and LeRoy J. Reinhardt, all of Fresno, Cal., for respondents.

Before HEALY and POPE, Circuit Judges, and LEMMON, District Judge.

PER CURIAM.

The above named Board has moved for a summary entry of a decree of enforcement of an order of the Board. It appears that on November 1, 1950, after a hearing upon a complaint charging the respondents with certain unfair labor practices in violation of § 8(a) (1) of National Labor Relations Act (29 U.S.C.A. §§ 157, 158) a trial examiner issued and filed an intermediate report that respondents were engaged in commerce within the meaning of the Act, and that they had been guilty of certain of the unfair labor practices with which they were charged. The trial examiner recommended that an order be issued requiring the respondents to cease and desist from such practices and directing them to offer certain discharged employees reinstatement and to make them whole for loss of pay, and to post certain notices. No statement of exceptions to the intermediate report was filed by respondents within the time required by law, and on December 7, 1950, the Board adopted the findings of fact, conclusions of law and recommended order of the trial examiner contained in his intermediate report, and issued an order directed to the respondents accordingly. This the Board was required to do by § 10(c) of the Act which provides that: "if no exceptions are filed * * * such recommended order shall become the order of the Board and become effective as therein prescribed." (U.S.C.A.Title 29, § 160.)

Upon this motion respondents have appeared and undertaken to argue that the findings of the trial examiner and of the Board are not supported by substantial evidence in the record considered as a whole. The record sufficiently discloses that the respondents were engaged in commerce within the meaning of the Act and that the Board had jurisdiction to hear the charges and the complaint which gave rise to the order here involved. Section 10(e) of the Act (29 U.S.C.A. § 160(e)), provides that "No objection that has not been urged before the Board, its member, agent or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." It is not claimed that any such extraordinary circumstances are here present.

This court as now constituted is of the opinion that it is required by the language of the Act just quoted to enter the decree enforcing the order of said Board as prayed for in the petition. National Labor Relations Board v. Cheney Lumber Co., 327 U.S. 385, 66 S.Ct. 553, 90 L.Ed. 739.

Let decree be entered accordingly.