## NATIONAL LABOR RELATIONS BOARD v. AUBURN CURTAIN CO., Inc.

### No. 4610.

United States Court of Appeals
First Circuit.

Submitted Nov. 28, 1951.

Decided Dec. 14, 1951.

George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, and Irving M. Herman, Atty., National Labor Relations Board, Washington, D. C., for petitioner.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

The National Labor Relations Board has petitioned for the enforcement of an order against respondent issued by the Board on January 3, 1951. No appearance has been entered by respondent. We have now before us a motion by the Board for the summary entry of an enforcement decree upon the transcript of the administrative record. Respondent was duly notified of the filing of this motion but the return day went by without any opposition being filed, and since then no opposition has been filed on behalf of respondent. On the other

hand respondent has not assented to the granting of the motion for summary entry of the decree nor joined in any stipulation to that effect.

■ We have examined the administrative transcript and have satisfied ourselves that respondent clearly was subject to the National Labor Relations Act, as amended, and that the Board had jurisdiction to enter the order in question. We have also satisfied ourselves that, upon due notice, a hearing on the complaint was held before a trial examiner, at which hearing respondent participated; that the trial examiner made to the Board a report containing his findings of fact and recommended order; that respondent filed no exceptions to such report and recommended order within twenty days after receiving service thereof or within a further extended period granted by the Board; that thereafter, pursuant to § 10(c) of the Act, as amended, 61 Stat. 147, 29 U.S.C.A. § 160(c), the Board adopted as its own the findings and recommended order of the trial examiner and on January 3, 1951, issued the order as recommended; that the order is in usual form as respects the types of unfair labor practices found to have been committed by respondent. This is as far as we have gone into an examination of the voluminous transcript.

■ Notwithstanding what was said in N.L.R.B. v. Red Spot Elec. Co., 9 Cir., 1951, 191 F.2d 697, we do not think that we are under a duty to make any further examination into the administrative transcript. Even if respondent had appeared and opposed the entry of an enforcement decree, we could not have considered any objections to the sufficiency of the evidence to support the findings, or any objections as to the appropriateness of the remedial terms in the order, in view of the failure of respondent to file with the Board exceptions to the trial examiner's report and recommended order. N.L.R.B. v. Noroian, 9 Cir., 193 F.2d 172; See § 10(c) and (e) of the Act, as amended, 61 Stat. 147–48; N.L.R.B. v. Cheney California Lumber Co., 1946, 327 U.S. 385, 66 S.Ct. 553, 90 L.Ed. 739; N.L. R.B. v. Pool Mfg. Co., 1950, 339 U.S. 577, 70 S.Ct. 830, 94 L.Ed. 1077; N.L.R.B. v.

Cutler, 1 Cir., 1947, 158 F.2d 677. See also §§ 203.45 and 203.46 of the Board's Rules and Regulations (12 F.R. 5661–62).

A decree will be entered enforcing the order of the Board.