## NATIONAL LABOR RELATIONS BOARD
### v. PUGH & BARR, Inc.
No. 6369.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 3, 1952.

Decided Jan. 25, 1952.

---

1. U. S. v. Lustig, 2 Cir., 163 F.2d 85; U. S. v. Levy, D.C., 90 F.Supp. 529.

194 F.2d—14½

Duane Beeson, Atty., National Labor Relations Board, Washington, D. C. (George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, and Irving M. Herman, Atty.; National Labor Relations Board, all of Washington, D. C., on brief), for petitioner.

W. P. McWhortor, Clarksburg, W. Va. (John S. Stump, Jr., Clarksburg, W. Va., on brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is a motion for the summary entry of a decree enforcing an order of the National Labor Relations Board. From the transcript of the record filed with this court, it appears that the charge against respondent was the discriminatory discharge of one Bramer. The matter was referred to a trial examiner who conducted a hearing and on June 20, 1951, filed an intermediate report sustaining the charge and recommended that the Board enter an order requiring respondent to cease and desist from unfair labor practices, reinstate Bramer with back pay and post the usual notices. Order was entered on the same date transferring the matter to the Board for hearing and notice was duly served upon respondent calling attention to the statute and regulations requiring that within twenty days exceptions be filed to the report of the trial examiner covering any matters as to which review was asked and providing that if no exceptions were filed the findings, conclusions and recommendations of the trial examiner's report would be adopted by the Board. No exceptions of any sort were filed by respondent to the report and on July 20, 1951, the Board entered the order recommended by the examiner.

On December 17, 1951, the Board filed in this court the motion for entry by us of a decree enforcing its order; and respondent, without offering any excuse for failure to file exceptions to the trial examiner's report, asks that we deny the motion and have a hearing in regular course on the sufficiency of the evidence to sustain the order

An examination of the record discloses that the Board acted within the proper orbit of its authority in a matter affecting commerce and that the questions which respondent proposes to raise are questions which were thoroughly considered by the trial examiner and decided on the basis of voluminous circumstantial testimony. We think it clear that the motion should be allowed.

Section 10(c) of the Labor-Management Relations Act of 1947, 29 U.S.C.A. § 160(c) provides: "In case the evidence is presented before a member of the Board, or before an examiner or examiners thereof, such member, or such examiner or examiners as the case may be, shall issue and cause to be served on the parties to the proceeding a proposed report, together with a recommended order, which shall be filed with the Board, and if no exceptions are filed within twenty days after service thereof upon such parties, or within such further period as the Board may authorize, such recommended order shall become the order of the Board and become effective as therein prescribed."

And section 10(e) of the same act relating to review of the Board's action by the Courts of Appeals, 29 U.S.C.A. § 160(e) provides: "No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."

The quoted portion of section 10(c) was added to the National Labor Relations Act by the Labor Management Relations Act and its relation to section 10(e) was pointed out by Senator Taft in the following analysis inserted in the Congressional Record (93 Cong.Rec. 6860) viz.: "Section 10(c): In an effort to lessen the work load of the Board and facilitate its disposition of cases this subsection was amended to give finality to recommended orders of trial examiners without Board review if no exceptions were taken within 20 days. It has been stated that this permits an unsuccessful litigant to stand idly by while an erroneous report of a trial examiner becomes the order of the Board and then embarrass the Board when the case goes into the courts for enforcement. Several checks would prevent this happening. Section 10(e) [1] provides, 'No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the Court', etc."

These sections of the statute were implemented by regulations promulgated by the Board as follows:

"Sec. 102.46 *Exceptions or supporting briefs; time for filing; where to file; service on parties; extension of time; effect of failure to include matter in exceptions; oral arguments.*—(a) within 20 days or within such further period as the Board may allow from the date of service of the order transferring the case to the Board, pursuant to section 102.45 any party may (in accordance with section 10(c) of the act and section 102.85 and section 102.86 of these rules) file with the Board in Washington, D. C. seven copies of a statement in writing setting forth exceptions to the intermediate report and recommended order or to any other part of the record or proceedings (including rulings upon all motions or objections), together with seven copies of a brief in support of said exceptions and immediately upon such filing copies shall be served on each of the other parties; and any party may, within the same period, file seven copies of a brief in support of the intermediate report and recommended order. Copies of such exceptions and briefs shall immediately be served on each of the other parties. Statements of exceptions and briefs shall designate by precise citation *of page and line* the portions of the record relied upon. Upon special leave of the Board, any party may file a reply brief upon such terms as the Board may impose. Requests for such leave or for extension of the time in which to file exceptions or briefs under authority of this section shall be in writing and copies thereof shall be immediately served on each of the other parties.

"(b) No matter not included in a statement of exceptions may thereafter be urged

---

1. The text shows the citation as 10(c) but it is manifest that 10(e) was intended.

before the Board, or in any further proceedings."

As pointed out by the Third Circuit in N. L. R. B. v. Stocker Mfg. Co., 3 Cir., 185 F.2d 451, 454, "On its face, the statutory provision for an intermediate report appears to be designed primarily to avoid the necessity of independent examination of the record by the Board unless the party adversely affected by the examiner's recommendations shall file objection thereto." This purpose would be in large measure defeated, if the sufficiency of the evidence to support the findings could be raised in a proceeding to review or enforce the Board's order, without exceptions having been filed in accordance with the statutory requirement. It should be noted that the practice prescribed by the statute had already been laid down by the Supreme Court in the case of N. L. R. B. v. Cheney California Lumber Co., 327 U.S. 385, 388–389, 66 S.Ct. 553, 554, 90 L.Ed. 739, where the court said: "A limitation which Congress has placed upon the power of courts to review orders of the Labor Board is decisive of this case. Section 10(e) of the Act commands that 'No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.' We have heretofore had occasion to respect this explicit direction of Congress. Marshall Field & Co. v. National Labor Relations Board, 318 U.S. 253, 63 S.Ct. 585, 87 L.Ed. 744; and see May Department Stores Co. v. National Labor Relations Board, 326 U.S. 376, 386, 66 S.Ct. 203, 209 [90 L.Ed. 145], note 5. By this provision, Congress has said in effect that in a proceeding for enforcement of the Board's order the court is to render judgment on consent as to all issues that were contestable before the Board but were in fact not contested. Cf. Pope v. United States, 323 U.S. 1, 65 S.Ct. 16 [89 L.Ed. 3]. We can say of this case, as was said of the Marshall Field case, supra, that it 'gives emphasis to the salutary policy adopted by Section 10(e) of affording the Board opportunity to consider on the merits questions to be urged upon review of its order.' Marshall Field & Co. v. National Labor Relations Board, supra, 318 U.S. at page 256, 63 S.Ct. [585], at page 586, 87 L. Ed. 744. The appropriateness of such a prohibition as the Board's order contains depends as the Express Publishing Company case, supra, [N. L. R. B. v. Express Pub. Co., 312 U.S. 426, 61 S.Ct. 693, 85 L. Ed. 930], abundantly shows, upon evidence found by the Board disclosing a course of conduct against which such an order may be the only proper remedy. The Board here so found. Justification of such an order, which necessarily involves consideration of the facts which are the foundation of the order, is not open for review by a court if no prior objection has been urged before the case gets into court and there is a total want of extraordinary circumstances to excuse 'the failure or neglect to urge such objection.' Congress desired that all controversies of fact, and the allowable inferences from the facts, be threshed out, certainly in the first instance, before the Board. That is what the Board is for."

An order of the Board, like the verdict of a jury, must be supported by substantial evidence; but this does not mean that proper rules of procedure for questioning the sufficiency of the evidence can be ignored. In actions at law, it is well settled that where the sufficiency of evidence to support a verdict is not properly raised before the court which tries the facts, it may not be raised in a reviewing court; and the same principle applies and should apply to the sufficiency of evidence to sustain an order of the Board. Common fairness requires that, if a question as to the sufficiency of the evidence is to be relied on in the reviewing court, such question should be called to the attention of the Board, so that the body charged with responsibility for finding the facts may discharge its duty in the light of the question raised and may reopen the case for the taking of further testimony if it appears that there is a defect in the proofs which can be cured.

We do not mean to say that the Board is entitled as a matter of right to a decree enforcing its order merely because respondent has failed to file exceptions to the report of the examiner. Injunctive or-

ders are granted upon equitable principles and, if good reason were shown why the order of the Board should not be enforced, failure to file exceptions might be excused under the extraordinary circumstance rule of section 10(e) and the case remanded to the Board for further consideration. See N. L. R. B. v. Red Spot Electric Co., 9 Cir., 191 F.2d 697; Hecht Co. v. Bowles, 321 U. S. 321, 64 S.Ct. 587, 88 L.Ed. 754. No reason for invoking the extraordinary circumstance rule is presented, however, and no excuse is given for not filing exceptions to the report of the examiner as required by the statute and the Board's regulations. The only question presented is whether respondent, having failed to file exceptions, is entitled to have the sufficiency of the evidence reviewed by this court on application for enforcement of the Board's order just as though such exceptions had been filed and passed upon by the Board. We think it clear that that question should be answered in the negative. N. L. R. B. v. Auburn Curtain Co., 1 Cir., 193 F.2d 826; N. L. R. B. v. Cutler, 1 Cir., 158 F.2d 677.

Decree will be entered enforcing the order of the Board.

Order enforced.