**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**Leon PERRY, doing business as Perry Lumber Company, Respondent.**

**No. 7404.**

United States Court of Appeals
Fourth Circuit.

Argued April 9, 1957.

Decided April 30, 1957.

Eugene Adams Keeney, Managing Atty., National Labor Relations Board, Washington, D. C., for petitioner.

Charles F. Blackburn, Henderson, N. C., for respondent.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

PER CURIAM.

The National Labor Relations Board has made a motion before us for the entry of a decree summarily enforcing its order of November 8, 1955 finding that Leon Perry, doing business as Perry Lumber Company at Chama, New Mex-

ico, had been guilty of unfair labor practices and directing him to cease and desist therefrom and to reinstate with back pay certain employees found to have been discriminatorily discharged. Perry has moved that the proceeding be dismissed because it does not appear from the record in the case that the labor organization upon whose petition Labor Board acted had filed the affidavits required by section 9(f) (g) and (h) of the Labor Management Relations Act as amended, 29 U.S.C.A. § 159(f) (g) (h), and that consequently the Board was without jurisdiction.

 We think it clear that the motion to dismiss is without merit. We dealt with the question raised by this motion in N. L. R. B. v. Greensboro Coca Cola Bottling Co., 4 Cir., 180 F.2d 840–845, and nothing need be added to what was there said. We think it clear, also, that the Board is entitled to a decree summarily enforcing its order, as same was entered upon the report and pursuant to the recommendations of a trial examiner to which Perry failed to file timely exceptions and no "extraordinary circumstances" are shown which would justify us in remanding the case to the Board for further hearing. N. L. R. B. v. Pugh & Barr, 4 Cir., 194 F.2d 217, 219–221. Not only is there an entire absence of such "extraordinary circumstances," but an examination of the record shows that the additional evidence which Perry proposes to adduce is not newly discovered evidence, that he did not ask that the hearing before the examiner be held open for its production and that it is hardly conceivable that it could affect the result in the case. In addition to this, the record shows that he has been guilty of delay and laches for which no excuse is offered. On October 7, 1955, the report and recommended order of the trial examiner was issued, allowing until October 31 for the filing of exceptions. On October 28 counsel for Perry wired the Board asking an extension of time for such filing. The Secretary of the Board immediately wired him to notify the other parties of his request and notify the Board of his action. Having heard nothing from him to indicate compliance with this direction, the Board on November 8 entered its order recommended by the trial examiner. On November 14 counsel for Perry filed motion with the Board to extend the time for filing exceptions to the report, and this was promptly denied by the Board as being untimely. Nothing further was done by Perry or his counsel until May 3, 1956, nearly six months later, when he filed a motion, which was promptly denied, to reopen the case and allow the introduction of further testimony. On July 2, 1956 he moved before the Board for an extension of time for filing exceptions and this was promptly denied. Not until the Board filed motion in this court on March 5, 1957 for a decree enforcing its order of November 8, 1955, did Perry ask relief of the court. The entry of decree enforcing the order will not prevent review by this court of any orders that may be entered fixing the amount of back pay.

Order enforced.