**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**GOLDBLATT BROS., INC., Respondent.**

**No. 13091.**

United States Court of Appeals Seventh Circuit.

Jan. 4, 1961.

Rehearing Denied En Banc March 7, 1961.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Frederick U. Reel, Atty., National Labor Relations Board, Washington, D. C., for petitioner.

Stanford Clinton, Robert A. Sprecher, Chicago, Ill., for respondent.

Before HASTINGS, Chief Judge, and DUFFY and MAJOR, Circuit Judges.

DUFFY, Circuit Judge.

The Labor Board petitioned this Court for summary enforcement of its order against respondent in a proceeding known upon the records of the Board as Goldblatt Bros., Inc., and Retail Clerks International Association, AFL–CIO, Case No. 13–CA–2513. This Court ordered oral arguments which have been held.

On May 28, 1958, the General Counsel issued a complaint charging respondent with certain violations of the National Labor Relations Act. A hearing was held July 14–18, inclusive. The trial examiner issued an intermediate report on November 28, 1958, finding respondent violated sec. 8(a) (1) and sec. 8(a) (3) of the Act, by interfering with, restraining and coercing employees in the exercise of rights guaranteed in sec. 7, and by discriminatorily discharging Dorothy Smith for union activities. The examiner recommended that an order be issued requiring that Dorothy Smith be reinstated and be made whole for any loss of pay, and that respondent cease and desist from the unfair labor practices.

In accordance with the Board's rules, on November 28, 1958, the Board entered

an order transferring the case to the Board. A note on the face of the order recited, "Exceptions to the Intermediate Report in this case must be received by the Board in Washington, D. C. on or before December 22, 1958." Also appearing was the notation "Attention is specifically directed to the excerpts from the Rules and Regulations appearing on the page attached hereto." These excerpts included secs. 102.46, 102.48 and 102.91(b) of the Rules.[1]

On December 23, 1958, respondent telegraphed the Board for an extension to and including December 29, 1958, for filing exceptions to the trial examiner's intermediate report. The telegram stated an affidavit would follow.

On December 26, 1958, respondent transmitted by airmail, special delivery, its affidavit, its exceptions and brief. These were delivered to the Board on Monday, December 29, 1958, at 10:50 A.M. The affidavit of Stanford Clinton, attorney for respondent, explained in great detail his busy schedule of court appearances and engagements in important and urgent matters in litigation.

The charging union objected to the requested extension, and the Board, by telegram dated December 30, 1958, denied the request, citing sec. 102.46 of the Board's Rules and Regulations.

On January 2, 1959, the Board wrote to Attorney Clinton saying, in part: "Exceptions and briefs from all parties were due in Washington on December 22, 1958. Your request for an extension of time for filing exceptions and brief was dated December 23 and the supporting affidavit was filed December 29. * * * [W]e are returning herewith your exceptions and brief as untimely filed."

On January 5, 1959, the Board entered an order adopting the findings, conclusions and recommendations of the trial examiner as contained in the intermediate report.

Respondent filed a motion with the Board to vacate the order of January 5, 1959, to permit respondent to introduce evidence showing the complete closing down of the food departments in respondent's stores. It was in one of these departments that Dorothy Smith had been employed. On March 5, 1959, the Board denied respondent's motion to introduce new evidence.

Although rigidly insisting in this case that respondent is out because of a one-day delay, the Board concedes that it delayed for one and a half years in seeking enforcement of the order in this case. This long delay is unexplained by the Board, but apparently it resulted from some inadvertence or oversight.

It is apparent that respondent may have suffered by reason of this long delay. The order of the Board requires respondent to make whole any loss of pay suffered by Dorothy Smith. If this case is ultimately decided one way, the amount that might be required to be paid to Dorothy Smith could reach a considerable sum. Of course, if the ultimate holding should be that Dorothy Smith was not discriminatorily discharged for union activities, no payment to her would be required.

We think the Board should have the advantage of considering the proposed evidence which would show that on January 31, 1959, the food division of the store here involved was completely discontinued after having been operated for thirty years. The evidence would also disclose that food divisions in all of re-

1. Sec. 102.46 of the Rules and Regulations of the NLRB, Series 7, effective May 14, 1958, reads in part: "* * * Within 20 days or within such further period as the Board may allow, from the date of the service of the order transferring the case to the Board * * * any party may * * * file with the Board * * * seven copies of a statement in writing setting forth exceptions to the intermediate report and recommended order * *.

Requests for an extension must be received by the Board three days prior to the due date."

Sec. 102.48 provides in part: "In the event no statement of exceptions is filed as herein provided * * * [the] intermediate report and recommended order shall be adopted by the Board and become its * * * order, and all objections and exceptions thereto shall be deemed waived for all purposes * *."

spondent's stores were likewise discontinued. It is part of respondent's defense that Dorothy Smith's transfer and later discharge were due to economic considerations. Apparently the trial examiner placed little credence in this defense. He seems to have been under the impression that the food division of respondent's store at 91st and Commercial Streets was prospering. If it turns out to be a fact that the food division was operating at a loss, and the economies undertaken were reasonable, there might well be established an innocent and legal motive for the termination of the employment of Mrs. Smith who had been employed as an "extra."

We think the ends of justice will best be served by having the controversy decided upon the merits. The proceedings should be reopened to receive the testimony which was not available at the time of the hearing. The Board should consider the exceptions which the respondent tendered.

The enforcement of the Labor Board's order will be denied, and the proceedings remanded for further action not inconsistent with this opinion.

Enforcement denied; proceedings remanded.