**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MARSHALL MAINTENANCE CORP., Respondent.**

No. 14391.

United States Court of Appeals Third Circuit.

Argued May 20, 1963.

Decided July 30, 1963.

Elliott Moore, N.L.R.B., Washington, D. C., for petitioner.

Benjamin Werne and Solomon Kreitman, New York City, for respondent.

Before KALODNER, STALEY and SMITH, Circuit Judges.

KALODNER, Circuit Judge.

This is a petition by the National Labor Relations Board for summary entry of a decree enforcing its order against the respondent, engaged in business in the State of New Jersey.

The respondent in its answer asserts that it would be inconsistent with equitable principles to grant the petition on the facts of the case and urges that it be denied and the cause remanded to the Board on terms hereinafter detailed.

The relevant facts may be summarized as follows:

Pursuant to a hearing on a complaint a Board Trial Examiner on July 24, 1962 issued an Intermediate Report in which he found that the respondent had violated Section 8(a) (1) and (3) of the Labor Management Relations Act, as amended,[1] and recommended that an order be issued by the Board requiring the respondent to cease and desist from these unfair labor practices and to post the usual notices. On the same day an order was entered transferring the case to the Board and

1. 49 Stat. 452, 29 U.S.C.A. § 158, as amended, 73 Stat. 525.

the respondent's counsel was served with both copies of the order and the Intermediate Report and was further notified that exceptions to the Report must be received by the Board on or before August 16, 1962, in consonance with the Rules and Regulations of the Board[2] which provide that a party seeking to file exceptions to an Intermediate Report must do so within twenty days from the date of service of the order transferring the case to the Board, and, that upon failure to file such exceptions with the Board within the specified period the Report would become the order of the Board.

On July 27, 1962—three days later—respondent's counsel advised the Board by letter that it intended to file exceptions to the Report.

On August 15, 1962—between 9:35 and 9:40 P.M. respondent's counsel deposited in a mailbox in his office building the exceptions and supporting brief. There was a scheduled mail pickup for 9:50 P.M. which would assure, in ordinary course, delivery of first class mail in Washington, D. C. the next day—August 16th. However, the exceptions and supporting brief were not received by the Board until August 17th and by letter dated August 23, 1962—received by respondent's counsel on August 27, 1962 —the Board rejected and returned the exceptions as untimely filed.

By letter dated August 28, 1962 the respondent advised the Board that it was in the process of collecting evidence that the mailing was made at a time that would have permitted its receipt in Washington on August 16, 1962—the due date. Thereafter, on September 24, 1962 the Board received respondent's application for an order extending the time for filing exceptions and brief nunc pro tunc together with affidavits in support thereof filed by respondent's counsel and an employe who deposited the mail. The Board then communicated with the Postmaster in New York who in reply advised that actual pickup of mail might not follow posted schedules; that an earlier pickup might possibly have been made on the night of August 15, 1962 before 9:50 P.M., the scheduled time for such pickup.

On November 9, 1962 the Board denied the respondent's request for an extension of time and reaffirmed its rejection of the exceptions and brief as being untimely filed on the premise that " * * * the Board necessarily predicates its determination of these matters upon the normal course of action and not upon an abnormal one." On the same date the Board issued an order in which it adopted the recommended order of the Trial Examiner, a copy of which was served by registered mail upon respondent's counsel.

On November 26, 1962, respondent filed a motion for reconsideration of the Board's order of November 9, 1962, for modification, and clarification thereof; for reopening of the proceedings to submit newly discovered additional evidence, and for oral argument before the entire Board. The General Counsel filed an opposition to said motion. Thereafter, on December 18, 1962, the Board issued an order denying respondent's motion and affirming its order of November 9, 1962.

Subsequently, the Board filed the instant petition for summary entry of decree enforcing its order. It is the Board's position that the only issue here is whether this Court should compel it to disregard its Rules based on Section 10(c) of the Act, and accept the belated exceptions, and on that score it contends that it "acted reasonably and well within its discretion in declining to receive a document filed out of time." It cites in support of its position the holding in Kiekhaefer Corporation v. National Labor Relations Board, 273 F.2d 314, 317 (7 Cir. 1960), cert. den. 362 U.S. 950, 80 S.Ct. 861, 4 L.Ed.2d 868, that the Board's rule is not "arbitrary or capri-

---

2. Rules 102.46 and 102.48 of the Rules and Regulations of the National Labor Relations Board, Series, 8, as amended.

cious" and that "Filing exceptions is tantamount to filing a notice of appeal and must be fully accomplished within the period allowed by statute or rule."

In Kiekhaefer, the respondent mailed the exceptions in Milwaukee, Wisconsin, on January 21, 1959—the date scheduled for their filing with the Board in Washington—and they were not delivered to the Board until January 22nd. The Board wrote respondent the following day rejecting the exceptions as untimely; the respondent on February 2nd filed a motion that the Board entertain the exceptions; the motion was rejected on February 9th in an order which pointed out that no adequate reason had been given for the respondent's delay in mailing the exceptions until such time as would not in normal course accomplish their receipt by the Board on the due date. In granting summary judgment the Court said that the failure to assert to the Board the existence of "extraordinary circumstances" in explanation or justification of the late filing was conclusive as far as it was concerned. It may be noted that in Kiekhaefer the respondent contended, on the application for summary enforcement, that the exceptions were timely filed since they were mailed on the due date. The Court rejected that contention.

From what has been said it is clear that Kiekhaefer is inapposite since here the respondent had presented to the Board the "extraordinary circumstances" of the earlier than scheduled mail pickup.

Inapposite, too, for these reasons, are the following summary enforcement cases cited by the Board:

No exceptions were *ever* filed, nor was there any excuse advanced to the Board *or* the Court for the failure to do so, in National Labor Relations Board v. Perry, 244 F.2d 17 (4 Cir. 1957); National Labor Relations Board v. Pugh & Barr, Inc., 194 F.2d 217 (4 Cir. 1952); National Labor Relations Board v. Noroian, 193 F.2d 172 (9 Cir. 1951), and National Labor Relations Board v. Auburn Curtain Co., 193 F.2d 826 (1 Cir. 1951).[3] In each of these cases the Court specifically pointed to the fact that the respondent had neither filed exceptions with the Board, nor presented to it, any excuse or explanation for failure to do so, and, held that, under the provisions of Section 10(e) of the Act, as amended,[4] they were precluded from challenging the validity of the Board's order in summary enforcement proceedings.

Section 10(e), as amended, provides in relevant part:

"No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."

Although we have not had occasion in this Circuit to deal with a situation analogous to that prevailing here it appears that where "extraordinary circumstances" have been urged to the Board for failure to file timely exceptions, and the Board has refused to accept the exceptions, courts have uniformly denied petitions for summary entry of a decree enforcing the Board's order.

In National Labor Relations Board v. Central Mercedita, Inc., 273 F.2d 370 (1 Cir. 1959) exceptions were mailed to the Board by respondent's counsel in Puerto Rico on May 26, 1959, the day they were to be filed, and were received by the Board on May 28th. Following the Board's rejection of the exceptions as untimely filed it issued an order adopting the Trial Examiner's Intermediate report. On June 4th, respondent's counsel, by motion, asked the Board to set aside its order and to consider its exceptions as timely filed, stating therein that the failure to timely file was due

---

3. The following cases, cited by the Board, are inapposite since they were not summary enforcement cases: National Labor Relations Board v. McCloskey and Co., 255 F.2d 68 (3 Cir. 1957); Kovach v. National Labor Relations Board, 229 F. 2d 138 (7 Cir. 1956); and National Labor Relations Board v. Wallick, 198 F. 2d 477 (3 Cir. 1952).

4. 73 Stat. 544, 29 U.S.C.A. § 160(e).

to the pressure of his law practice, his absence from Puerto Rico "on an urgent business trip to the States", and disruptive strikes in Puerto Rico which had interfered with his office and business routine.

In holding " * * * we shall simply decline summary enforcement of the Board's order," Chief Judge Woodbury, speaking for the Court, stated (273 F.2d p. 372):

"In decreeing enforcement the courts of appeals do not act as mere ministerial agencies to execute orders of the Board. * * * 'The jurisdiction to review the orders of the Labor Relations Board is vested in a court with equity powers, and while the court must act within the bounds of the statute and without intruding upon the administrative province, it may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action.' Ford Motor Co. v. National Labor Relations Board, 1939, 305 U.S. 364, 373, 59 S.Ct. 301, 307, 83 L.Ed. 221. * * * Our enforcement powers being equitable in their nature, we look to the facts and circumstances of this particular case to see if the relief sought is consistent with the basic principles underlying the exercise of equity jurisdiction which are flexibility rather than rigidity and relief molded to fit the needs of the particular case. See N. L. R. B. v. Kingston Cake Co., 3 Cir., 1953, 206 F.2d 604, 611, quoting with approval N. L. R. B. v. Globe Automatic Sprinkler Co., 3 Cir., 1952, 199 F.2d 64, 70.

"Turning then to the case at bar it is evident that this is not one in which the respondent made no attempt to file exceptions to the Intermediate Report and offers no excuse for its failure to do so. On the con-

trary, the respondent here filed its exceptions with the Board but did so two days late for reasons which seem on their face to be entirely adequate. * * * It will suffice to say that as a court of equity we are not, under the circumstances disclosed, moved *summarily* to decree enforcement of the order of the Board.[5]

In National Labor Relations Board v. Goldblatt Brothers, Inc., 286 F.2d 665 (7 Cir. 1961) the exceptions were due December 22, 1958; on December 23d respondent telegraphed the Board for an extension to December 29th; the exceptions were mailed December 26th and delivered to the Board on the 29th. The exceptions were accompanied by an affidavit of respondent's counsel setting forth that the delay in filing was due to his busy schedule of Court appearances and engagement in important and urgent matters in litigation. The Board rejected the exceptions as untimely filed. The Court denied enforcement stating that "The Board should consider the exceptions which the respondent tendered."

In National Labor Relations Board v. International Woodworkers of America, 238 F.2d 378 (9 Cir. 1956) the exceptions were due January 20, 1956; they arrived in Washington that day but since the Board's offices had closed at 4 P.M.—earlier than usual because of a snow storm—they were not delivered to it until January 23d when the Board's offices reopened. The Court denied summary enforcement on the ground that the exceptions should have been accepted by the Board under the "extraordinary circumstances".

Even in cases where summary enforcement was granted because of a failure to timely file exceptions, or where they were not in the form required by the Board's Rules and Regulations, the Courts have stressed the absence of "extraordinary circumstances" in the particular situation.

5. It merits notation that subsequent to the denial of summary enforcement the Board vacated its order and accepted and gave consideration to the respondent's exceptions. See Central Mercedita, Inc. v. National Labor Relations Board, 288 F.2d 809, 810 (1 Cir. 1961).

Thus, in National Labor Relations Board v. Mooney Aircraft, Inc., 310 F.2d 565 (5 Cir. 1962) the respondent failed to file *written exceptions* within the required 20-day period. The Court dismissed its contention "that objections made during a telephone conversation between its attorney and an attorney for the Board constituted exceptions properly urged before the Board 'agent or agency', within the meaning of Section 10(e) of the Act." It is significant that in granting summary enforcement the Court, however, stated (310 F.2d p. 566):

"We find no extraordinary circumstances to excuse respondent from the necessity of complying with the regulations [requiring written exceptions]".

In National Labor Relations Board v. Pugh & Barr, supra, where, as earlier noted, summary enforcement was granted because the respondent did not file exceptions with the Board and never offered any excuse for its failure to do so, the late Chief Judge Parker said (194 F.2d pp. 220–221):

"We do not mean to say that the Board is entitled as a matter of right to a decree enforcing its order merely because respondent has failed to file exceptions to the report of the examiner. Injunctive orders are granted upon equitable principles and, if good reason were shown why the order of the Board should not be enforced, failure to file exceptions might be excused under the extraordinary circumstance rule of section 10(e) and the case remanded to the Board for further consideration."

In other contexts, we have time and again declared that "The powers conferred upon this court by the National Labor Relations Act to enforce the orders of the Board are equitable in nature and may be invoked only if the relief sought is consistent with the principles of equity." National Labor Relations Board v. Kingston Cake Co., 206 F.2d 604, 611 (1953); National Labor Relations Board v. Globe Automatic Sprinkler Co., 199 F.2d 64, 70 (1952); National Labor Relations Board v. National Biscuit Co., 185 F.2d 123, 124 (1950).

In accordance with the principles stated we are not moved to grant the summary enforcement sought by the Board because of the "extraordinary circumstances"—the mail pickup before schedule—which resulted in the one-day delay in the filing of the respondent's exceptions with the Board.

In conclusion, we observe that in its brief the Board stated "To be sure the exceptions were only one day late and the case in that sense may be a hard one." On that score it may well be said that while hard cases may make bad law, hard attitudes on the part of administrative bodies make cases—and unnecessarily so—for overburdened courts. The zeal of the Board in demanding inflexible adherence to the strict letter of the law, evidenced in the instant case, might well have been expended in a worthier cause.

For the reasons stated an order will be entered denying the Board's petition for summary entry of decree enforcing its order.