NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

KOTARIDES BAKING CO., Inc., Respondent.

No. 9610.

United States Court of Appeals Fourth Circuit.

Argued Nov. 18, 1964.

Decided Jan. 7, 1965.

Duane R. Batista, Atty. N.L.R.B., for petitioner.

William L. Parker, Norfolk, Va., for respondent.

Before HAYNSWORTH, BOREMAN and BRYAN, Circuit Judges.

PER CURIAM:

The National Labor Relations Board has filed a petition for summary entry of a decree enforcing its order and a motion for judgment on the pleadings. The peti-

-tion and motion will be granted, and a decree enforcing the order of the Board will be entered.

After the Board had certified the American Bakery and Confectionery Workers International Union, Local No. 358, AFL–CIO, as the bargaining agent of the employees of Kotarides Baking Co., Inc., representatives of the parties met on a number of occasions, but no agreement was ever concluded. After the lapse of more than a year from the Board's certification, the employer filed a petition seeking a new election and decertification of the Union. This petition was summarily dismissed by the Regional Director upon the ground of the pendency of unfair labor practice charges which had been filed by the Union. The employer sought to have the Board review the action of the Regional Director, and the Board sustained the action on the ground of the pendency of the complaint case.

Thereafter the complaint case, which included charges of violations of §§ 8(a)(1) and 8(a)(5) of the Act, was heard before a trial examiner. He filed a preliminary report, in which he found that the employer had violated those sections of the Act, together with a recommended order.

The employer did not file any exceptions to the intermediate report with the Board.

 Section 10(c) of the National Labor Relations Act provides that if no exceptions are filed to the Report of the Examiner and his recommended order, the recommended order shall become the order of the Board. Section 10(e) of the Act provides that, in the absence of extraordinary circumstances, the reviewing court may not consider any objection which was not urged before the Board. We are thus required to grant summary enforcement of the Board's order without considering objections and exceptions which might have been presented to the Board after the filing of the Examiner's Report and recommended order, but which were not so presented.

 The employer suggests that it had exhausted its remedies before the Board when it sought the Board's review of the Regional Director's dismissal of its decertification petition. Of course, it did not. The petition in the representation case was dismissed because of the pendency of the unfair labor practice charges, which, if established, disclosed conduct which would adversely affect the fairness of an election. It was not an adjudication of those charges. When those charges were heard on the merits in the complaint case, it was incumbent upon the employer to present to the Board its objections specifically directed to the Examiner's Report and recommended order, or forever lose the right to be heard before the Board and before a reviewing court. That it had sought decertification in the representation case is no excuse for its default in the complaint case.

Enforcement granted.