NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

RISH EQUIPMENT COMPANY, EASTERN DIVISION OF BLUEFIELD SUPPLY COMPANY, Respondent.

No. 12180.

United States Court of Appeals Fourth Circuit.

Argued April 4, 1968.

Decided Oct. 3, 1968.

Herbert Fishgold, Atty., N. L. R. B. (Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., on petition), for petitioner.

George V. Gardner, Washington, D. C. (Asa Ambrister on answer to petition), for respondent.

Before BOREMAN, WINTER and BUTZNER, Circuit Judges.

BOREMAN, Circuit Judge:

This case comes before this court upon the petition of the National Labor Relations Board for summary entry of a decree enforcing its order of May 19, 1967, against Rish Equipment Company

(hereafter Rish). We conclude that the order should be enforced.

The proceedings relevant to the present controversy cover a period of several years and involve this and two other Board cases. Initially, in November 1965 the Board's Regional Director directed the holding of an election in Case No. 5–RC–5359 by an order which determined an appropriate bargaining unit among the employees of Rish's Salem, Virginia, plant. Rish took no action and an election was conducted on December 30, 1965, and January 3, 1966. The vote was inconclusive inasmuch as challenged ballots were sufficient in number to affect the results, and Rish filed objections to conduct which it alleged had affected the election. On January 20, 1966, the Acting Regional Director in a supplemental decision ordered a hearing on the objections and to resolve the issues raised by seven of the eight challenged ballots. With respect to the eighth challenge, involving the vote of employee Brooks, the Acting Regional Director noted that, if this vote proved to be determinative, its validity would be resolved in an unfair labor practice proceeding (Board Case No. 5–CA–3379).

Following the hearing on the challenged ballots and Rish's objections, the Hearing Officer recommended that the objections and challenges to six of the ballots be overruled, but that its challenge to the seventh be sustained. Rish filed no exceptions to the recommendations and they were adopted by the Regional Director in a second supplemental decision. Rish did not request review of this decision and a Revised Tally of Ballots issued on April 27 revealed that Brooks' ballot, the eighth one challenged, would in fact determine the outcome of the election.

Subsequently, in May 1966 the Trial Examiner in Case No. 5–CA–3379 found that Brooks had been discriminatorily discharged in violation of § 8(a) (3) of the National Labor Relations Act, 29 U. S.C.A. § 158(a) (3), and ordered his reinstatement. On July 5, 1966, no exceptions having been filed within the prescribed time, the Board issued an order affirming the Trial Examiner, and the Regional Director issued a second Revised Tally of Ballots (including therein a count of Brooks' ballot) which revealed that a majority of the valid votes had been cast for the Union (International Union of Operating Engineers).

Following its certification, on three occasions during the summer of 1966 the Union requested Rish to bargain. All requests were denied, and in January 1967 the Union filed a charge against the Company, alleging violations of § 8(a) (5) of the Act, 29 U.S.C.A. § 158(a) (5). The Board's General Counsel issued a complaint, and Rish filed a timely answer denying the commission of the alleged unfair practices. Subsequently on March 3, 1967, General Counsel filed with the Board a motion for summary judgment in which it submitted that Rish's answer did not allege, nor had General Counsel been informed of, any new evidence relevant to the issues that Rish, by its denial, apparently desired to place before the Board which was not available to it when those same issues were considered in cases Nos. 5–CA–3379 and 5–RC–5359. Shortly thereafter the Board issued an order transferring the proceedings to itself and a notice to show cause why the motion for summary judgment should not be granted. Apparently the Company filed no response to the notice to show cause.[1]

In its subsequent decision of May 19, the Board found that Rish, by refusing to bargain, was engaging in unfair labor practices within the meaning of § 8(a) (5) and (1) of the Act, 29 U.S.C.A. § 158(a) (5) and (1). The Board ordered

---

1. The Board's petition states that no response to the Notice to Show Cause was received by the Board within the time limit set forth in the order. However, since we find no mention in the record of any response—timely or otherwise— we conclude that no response was filed at all.

Rish to cease and desist from refusing to bargain or in any manner interfering with the rights guaranteed its employees under § 7 of the Act, 29 U.S.C.A. § 157. Affirmatively, Rish was ordered to bargain upon request and to post the usual notices. It is the Board's petition for enforcement of this decree which is now before us.

In its answer, which was very belatedly filed with us,[2] Rish has admitted its refusal to bargain but states that it considers a proper decision in case No. 5-CA-3379 (involving the discharge of Brooks) as determinative of its duty to bargain and seeks an opportunity to present certain contentions concerning that case. Counsel for Rish now represents to us that on June 7, 1966, six days prior to the date on which exceptions to the Trial Examiner's decision in case No. 5-CA-3379 were due, he dictated a letter to be mailed to the Board in which he requested an extension of three weeks in which to file such exceptions; that due to an oversight on the part of a new and inexperienced secretary in the attorney's office, a copy of the request was never sent to the Board, although all other parties apparently received their copies. When the error was discovered on June 15, the request was resubmitted but was denied as being untimely filed. Ultimately, as mentioned above, the Trial Examiner's decision against Rish was affirmed by the Board.

On this ground Rish asks us to deny the Board's request for summary enforcement of its order so as to permit Rish to present its defenses at a later date. Assuming this issue properly before us, its resolution would turn on our view of the applicability of § 10(e) of the Act, 29 U.S.C.A. § 160(e), to these facts. That section provides in pertinent part: "No objection that has not been urged before the Board, its mem-

ber, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." Rish, of course, contends that the error in mailing constitutes extraordinary circumstances within the contemplation of the section. Reliance is placed on NLRB v. Marshall Maintenance Corp., 320 F.2d 641 (3 Cir.1963), and NLRB v. Goldblatt Bros., Inc., 286 F.2d 665 (7 Cir.1961). We, however, do not reach the consideration of this point on its merits.

As noted above, the General Counsel's motion for summary judgment was based upon the fact that Rish's answer to the complaint in the instant case did not allege the existence of any new evidence whatsoever and contained only a blanket denial of the allegations against it. Thereafter, although Rish was afforded an opportunity to show cause why the motion should not be granted, the record does not reflect that it made any response at all. No explanation or excuse is offered as to Rish's failure to respond to the notice to show cause. Not until filing an answer in this court to the Board's petition for enforcement did Rish's counsel present his argument concerning the inadvertent failure to mail the request for an extension of time in case No. 5-CA-3379. Under these circumstances we conclude that Rish is precluded under § 10(e) of the Act from now raising this question before this court. Cf. NLRB v. Ochoa Fertilizer Corp., 368 U.S. 318, 82 S.Ct. 344, 7 L.Ed.2d 312 (1961); NLRB v. Kotarides Baking Co., 340 F.2d 587 (4 Cir.1965) (per curiam); NLRB v. Community Motor Bus Co., 335 F.2d 120 (4 Cir.1964).

The petition for summary entry of a decree enforcing the Board's order is granted.

2. Notice of the Board's petition was mailed to Rish's counsel on February 23, 1968, and notice that argument was to be held on April 5 was mailed to counsel by the Clerk on March 5. However, the court did not receive an answer from Rish until quite late in the afternoon of April 3, which, due to a change in schedule of which counsel had been advised, was the day prior to argument. Counsel for the Board had not received a copy of the answer, nor had counsel even heard of its tender, prior to his actual appearance in court.