**OLDWICK MATERIALS, INC.,**
**Petitioner,**

v.

**NATIONAL LABOR RELATIONS**
**BOARD, Respondent.**

**No. 83–3084.**

United States Court of Appeals,
Third Circuit.

Argued Jan. 9, 1984.

Decided April 19, 1984.

Donald M. Lomurro (argued), Lomurro, Eastman & Collins, Freehold, N.J., for petitioner.

Elliot Moore, Deputy Associate Gen. Counsel, John D. Burgoyne, Asst. Gen. Counsel, Michael David Fox, Margaret Gaines Bezou (argued), N.L.R.B., Washington, D.C., for respondent.

Before ALDISERT, HIGGINBOTHAM and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

This case involves a petition for review of and a cross-application for the enforcement of an order of the National Labor Relations Board (the "Board"). This court must decide whether it can review the Board's order granting a motion for summary judgment against petitioner for wrongfully laying off two employees and for engaging in an unfair labor practice. We believe that because petitioner neither filed timely exceptions to the Board's order, nor demonstrated extraordinary circumstances before the Board or this court for not having filed timely exceptions, this court cannot review the order issued against petitioner. Instead, we will grant respondent's cross-application for enforcement of the order.

### I.

On September 24, 1980, Local 825, International Union of Operating Engineers, AFL–CIO ("Union") filed an unfair labor practice charge against petitioner, Oldwick Materials, Inc. ("Oldwick"), a New Jersey corporation engaged in the processing and sale of crushed stone and related products. The Union's charge alleged that petitioner violated sections 8(a)(1), (3) and (4) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1, 3, 4), by terminating the employment of Michael Bylina and John Cregar because of their membership activities with the Union. On November 3, 1980, the Union filed a second charge, arising out of the same incident, which stated that petitioner refused to bargain collectively with the Union.

A complaint and notice of hearing on the first charge was served upon petitioner on November 7, 1980. The complaint, however, alleged wrongful discharge of only one of the employees, Bylina. After receiving an extension of time to file an answer, petitioner denied all the allegations on November 24, 1980.

On December 15, 1980, the two charges were consolidated and an amended complaint and notice of hearing were filed. The amended complaint incorporated most of the allegations of the two charges. It differed from the original complaint, however, in two respects: (1) it added Cregar's name, and (2) it alleged that the two employees were improperly *laid off*, as opposed to the original charge that Bylina was wrongfully discharged.

On December 16, 1980, a copy of the amended complaint was served upon petitioner, who was specifically instructed to file an answer within ten days; otherwise, the allegations contained in the complaint would be deemed admitted and .could be so

found by the Board. Because petitioner did not answer the amended complaint by January 12, 1981, the Board's general counsel moved for summary judgment on January 30, 1981, and petitioner was ordered to show cause by February 19, 1981 why the motion for summary judgment should not be granted. Petitioner failed to respond to this order to show cause, and therefore on September 30, 1982 the Board granted summary judgment against petitioner. Petitioner neither filed exceptions to the Board's order nor sought reconsideration by the Board. Thus, this record is devoid of any evidence indicating that petitioner ever filed any answer to the amended complaint, any response to the motion for summary judgment, any objection to the Board's order, or any request for reconsideration; instead of pursuing any of the options available, petitioner filed for review by this court.

## II.

The parties assert that this court has jurisdiction under sections 10(e) and (f) of the Act, 29 U.S.C. §§ 160(e) and (f). The Board's order is final within the meaning of the Act and pursuant to § 10(e) the Board has the power to petition this court for its enforcement. At issue, however, is whether, under § 10(f) this court can review the final order where petitioner, Oldwick, neither urged objections before the Board in the form of exceptions to the order nor presented extraordinary circumstances to the Board or this court for reconsideration of the order. Procedures for filing exceptions and showing extraordinary circumstances before the Board are set out in the regulatory provisions, 29 C.F.R. §§ 102.46 and 102.48, which provide, generally, 20 days for making objections to the Board's order.

The relevant statutory language limiting this court's review is found in § 10(e):

No objection that has not been urged before the Board, its member, agent or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances....

29 U.S.C. § 160(e).

Although it is acknowledged that § 10(e) "governs the Board's right and mode of enforcing its unfair labor practices orders," with regard to petitions to review Board orders, subsection (f) states that the reviewing "court shall proceed in the same manner as in the case of an application by the Board under subsection (e)." 29 U.S.C. § 160(f). It is thus recognized that the "extraordinary circumstances" rule applies to both enforcement and review proceedings. The Seventh Circuit took this position in *Kesner v. NLRB*, 532 F.2d 1169 (7th Cir.), *cert. denied*, 429 U.S. 983, 97 S.Ct. 499, 50 L.Ed.2d 593 and *cert. denied*, 429 U.S. 1022, 97 S.Ct. 639, 50 L.Ed.2d 623 (1976), wherein Judge Pell, writing for a unanimous court, stated: "We are of the opinion that there is jurisdictional equivalence between the two sections in view of the references in section 10(f) to conducting proceedings in the same manner and to making and entering decrees in a like manner." *Id.* at 1171–72.

Application of section 10(e) is mandatory, not discretionary. *NLRB v. Ochoa Fertilizer Corp.*, 368 U.S. 318, 322, 82 S.Ct. 344, 347, 7 L.Ed.2d 312 (1961). In the instant case, petitioner's failure to object or to urge "extraordinary circumstances" before both the Board and this court requires foreclosure of any judicial consideration of objections raised in the enforcement proceedings. We therefore cannot reach petitioner's contentions (1) that Rule 60(b) of the Federal Rules of Civil Procedure allows this court to relieve a party or his legal representative from a final order for excusable neglect and (2) that the Board failed to sustain its burden of proof. *See Polynesian Cultural Center, Inc. v. NLRB*, 582 F.2d 467, 473 (9th Cir.1978) (an aggrieved party was precluded from challenging the NLRB's jurisdiction for the first time in the enforcement proceedings before the appellate court); *NLRB v. STR, Inc.*, 549 F.2d 641 (9th Cir.1977) (employer's failure to object and subsequent fail-

ure to file objections under "extraordinary circumstances" provision of statute required court to accept Board's finding as established); *NLRB v. Good Foods Manufacturing & Process Corp., Chicago Lamb Packers, Inc.—Division,* 492 F.2d 1302 (7th Cir.1974) (where there was no reason to excuse employer's failure to urge its objections before the NLRB, the Court of Appeals was precluded from considering employer's petition for review); and *NLRB v. Rish Equipment Co., Eastern Division of Bluefield Supply Co.,* 401 F.2d 597 (4th Cir.1968) (employer precluded under § 10(e) of the Act from raising for the first time its inadvertent failure to mail a request for extension of time to file exceptions to Board's order).

■ Moreover, a court of appeals has no power, *sua sponte,* to find objectionable a portion of an NLRB order, if no objection was raised before the Board and the failure to object was not excused by any "extraordinary circumstances" under § 10(e). *NLRB v. United Mineworkers,* 355 U.S. 453, 463–64, 78 S.Ct. 386, 392–93, 2 L.Ed.2d 401 (1958). The Supreme Court recently affirmed this rule in *Woelke & Romero Framing, Inc. v. NLRB,* 456 U.S. 645, 665, 102 S.Ct. 2071, 2082, 72 L.Ed.2d 398 *reh. denied,* 459 U.S. 899, 103 S.Ct. 198, 74 L.Ed.2d 159 (1982). In *Woelke,* the Ninth Circuit had addressed an issue not raised during the proceedings before the Board. The Supreme Court vacated that portion of the circuit court opinion:

> [T]he Court of Appeals ... was without jurisdiction to consider that question. The issue was not raised during the proceedings before the Board, either by the General Counsel or by Woelke. Thus, judicial review is barred by § 10(e) of the Act, 29 U.S.C. § 160(e), which provides that "[n]o objection that has not been urged before the Board ... shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." (Citations omitted.)

The § 10(e) bar applies even though the Board held that the picketing was not banned by § 8(b)(4)(A). *See Carpenters Local No. 944 [Woelke & Romero Framing, Inc.],* 239 N.L.R.B. [241, 251 (1978)]. Woelke could have objected to the Board's decision in a petition for reconsideration or rehearing. The failure to do so prevents consideration of the question by the courts. *See Garment Workers v. Quality Mfg. Co.,* [420 U.S. 276,] 281, n. 3 [95 S.Ct. 972, 975, n. 3, 43 L.Ed.2d 189].

Because the Court of Appeals lacks jurisdiction to review objections that were not urged before the Board, we do not reach the question whether the picketing was lawful. Instead, we vacate that portion of the Court of Appeals' judgment that relates to this issue, and remand with instructions to dismiss.

*Id.* at 665–6, 102 S.Ct. at 2083.

This court has long adhered to the jurisdictional principles espoused by the various authorities above. *NLRB v. Marshall Maintenance Corp.,* 320 F.2d 641 (3d Cir. 1963), is one of the seminal cases where this court has stated with precision our construction of § 10(e). In *Marshall,* where the facts differed from those in the instant case, we denied enforcement of an NLRB order where the Board improperly determined that a premature mail pickup resulting in a one-day delay in filing of exceptions did not constitute a neglect which amounted to an extraordinary circumstance. *Id.* at 645.

Even if the facts in *Marshall* are viewed in a light most favorable to petitioner, it is readily apparent that petitioner cannot be accorded relief. In *Marshall* there was at most a one-day delay in the receipt of exceptions to a Board order. Moreover, the counsel in *Marshall* offered sworn affidavits that he had deposited the exceptions in the mail box one day before they were due and that the problem may very well have been caused by a premature pickup by the postmaster. In contrast, here we do not have a one-day delay in the filing of exceptions. Here, the petitioner *never* even filed an answer to the amended complaint. In contrast to *Marshall, supra,* where the

NLRB did not tolerate a one-day delay, in the instant case the Board waited 28 days before it moved for summary judgment. In contrast to *Marshall* where the petitioner moved for an extension of time to file exceptions, here petitioner did nothing. In contrast to *Marshall* where petitioner moved for reconsideration of the Board's order, here the petitioner did nothing during the one year and 8 months lapse while the Board was considering the motion for summary judgment.

Indeed, petitioner never filed any exceptions to the Board's order and never filed any petitions for reconsideration.[1] Unlike *Marshall*, petitioner fits into that mold of cases cited by Judge Kalodner which were "inapposite" to the *Marshall* facts, and thus where there was an absence of extraordinary circumstances.[2]

In conclusion, this court holds that the petition for review will be denied and dismissed, and the Board's order of September 30, 1982 will be enforced.

---

1. Although one member of the Board dissented from its decision and argued that default judgment was improper because petitioner's answer to the original complaint sufficiently answered the charge as to the employee Bylina, and the Board responded to the dissenter's argument in a footnote, this brief reference to the merits in the Board's decision does not excuse petitioner from its statutory obligation under § 10(e) to file exceptions presenting and preserving its argument to the Board.

2. No exceptions were *ever* filed, nor was there any excuse advanced to the Board *or* to the Court for the failure to do so, in *National Labor Relations Board v. Perry*, 244 F.2d 17 (4th Cir.1957); *National Labor Relations Board v. Pugh & Barr, Inc.*, 194 F.2d 217 (4th Cir.1952); *National Labor Relations Board v. Noroian*, 193 F.2d 172 (9th Cir.1951), and *National Labor Relations Board v. Auburn Curtain Co., Inc.*, 193 F.2d 826 (1st Cir.1951). In each of these cases the Court specifically pointed to the fact that the respondent had neither filed exceptions with the Board nor presented to it any excuse or explanation for failure to do so, and held that, under the provisions of Section 10(e) of the Act as amended, each respondent was precluded from challenging the validity of the Board's order in summary enforcement proceedings. *NLRB v. Marshall Maintenance Corp.*, 320 F.2d at 643, (footnotes omitted).