**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2671
_____

NATIONAL LABOR RELATIONS BOARD,
Petitioner

*United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial
and Service Workers International Union, AFL-CIO/CLC, Local 4-406,
Intervenor

v.

ATLAS REFINERY, INC.,
Respondent

*(Pursuant to Clerk's Order dated 7/11/12, as amended by Clerk's Order dated 9/11/12)

_____

On Application
for Enforcement of an Order of
the National Labor Relations Board
(Case No. 22-CA-28403)

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 25, 2015

Before:  CHAGARES, KRAUSE and BARRY, Circuit Judges.

(Filed: July 9, 2015)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

CHAGARES, Circuit Judge.

The National Labor Relations Board (the "Board") filed this Application for Enforcement of an Order of the Board to enforce its December 29, 2011 Order issued against Atlas Refinery, Inc. ("Atlas"). For the reasons that follow, we will grant the application.

I.

We write exclusively for the parties and therefore set forth only those facts that are necessary to our disposition. The United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLS, Local 4-406, Intervenor in this action, filed an unfair labor practices charge against Atlas on June 10, 2008, alleging various violations of the National Labor Relations Act (the "Act"). In April 2009, an Administrative Law Judge ("ALJ") held a hearing in this matter. On August 7, 2009, the ALJ issued a decision, finding that Atlas violated the Act and ordering Atlas to remedy its violations.

Atlas filed exceptions to the ALJ's decision in September 2009. Appendix ("App.") 744-49. On January 15, 2010, two members of the Board issued a decision and order largely adopting the ALJ's findings and conclusions. On August 9, 2011, the Board's General Counsel asked the Board to review the case in light of the Supreme Court's decision in New Process Steel, L.P. v. NLRB, 560 U.S. 674 (2010), in which the Supreme Court held that the Board may not exercise its delegated authority without a quorum of three members. On December 29, 2011, three members of the Board adopted

2

the rulings, findings, conclusions, and recommendations of the two members' January 15, 2010 decision.

Atlas has failed to comply with the ALJ's order that it reinstate four of the locked-out employees. The Board filed the instant Application for Enforcement of the ALJ's order.

## II.

The Board had jurisdiction over the case pursuant to section 10(a) of the Act. 29 U.S.C. §§ 151, 160(a). We have jurisdiction over the appeal from the Board's decision pursuant to sections 10(e) and 10(f) of the Act. 29 U.S.C. § 160(e)-(f).

We review the Board's decision to determine whether there is substantial evidence in the record as a whole supporting its findings. Trafford Distrib. Ctr. v. NLRB, 478 F.3d 172, 179 (3d Cir. 2007) (citing Stardyne, Inc. v. NLRB, 41 F.3d 141, 151 (3d Cir. 1994) ("[W]e must . . . accept the Board's factual determinations and reasonable inferences derived from factual determinations if they are supported by substantial evidence.")). "'Where the Board adopts the ALJ's findings of fact and conclusions of law, it is the ALJ's determinations that we review.'" Id. (quoting SCA Tissue N. Am. LLC v. NLRB, 371 F.3d 983, 988 (7th Cir. 2004)). In cases where the Board has adopted the ALJ's decision in part, we review both. Id. (citing NLRB v. Greensburg Coca-Cola Bottling Co., 40 F.3d 669, 670 (3d Cir. 1994)).

## III.

Atlas does not challenge the ALJ's findings regarding its violations of the Act. Instead, it objects only to what it claims is a provision of the Board's order precluding it

3

from presenting additional evidence, not presented at the unfair labor practice hearing, for the purpose of calculating backpay. The Board acknowledges that a respondent at a Board unfair labor practice hearing has the opportunity both to defend against the alleged unfair labor practice and to introduce evidence concerning the appropriate remedy, in the event the Board finds a violation. NLRB Br. 21. Then, if the Board finds that an unfair labor practice occurred, the respondent has the opportunity at a later compliance proceeding to present evidence that was not available at the time of the first hearing to show that some portion of the remedy is no longer appropriate. Id.

Here, Atlas seeks to present evidence at the compliance proceeding that was available at the time of the unfair labor practice hearing, but that it did not present. Specifically, Atlas objects to footnote 4 of the two-member decision, in which the Board stated:

> The Respondent has contended, in its answering brief, that it cannot restore the status quo due to its financial condition. This issue is appropriately resolved at the compliance stage of this proceeding. The Respondent will have the opportunity to show at that time, on the basis of evidence that was not available as of the close of the unfair labor practice hearing, that restoration of the status quo, including reinstatement of the five unlawfully discharged employees, would be unduly burdensome.

App. 4 n.4.

The Board argues that we should grant its application to enforce the order because Atlas failed to preserve this objection, and thus we lack jurisdiction to consider it. In the alternative, the Board argues that Atlas' argument lacks merit.

Section 10(e) of the Act provides in relevant part that "[n]o objection that has not been urged before the Board . . . shall be considered by the court, unless the failure or

4

neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. § 160(e). Our Court has "no power, sua sponte, to find objectionable a portion of an NLRB order, if no objection was raised before the Board and the failure to object was not excused by any 'extraordinary circumstances' under § 10(e)." Oldwick Materials, Inc. v. NLRB, 732 F.2d 339, 342 (3d Cir. 1984).

Atlas alleges that it preserved its objection to footnote 4. It claims that it did so in its exception "to the ALJ's finding of fact and conclusion of law . . . that the Company . . . failed to offer evidence that it would have discharged employees even in the absence of their protected activity." App. 749. Atlas also notes that it took exception to "the ALJ's Remedy and proposed Order that the Company reinstate the terminated employees 'to their former jobs or, if those jobs no longer exist[], to substantially equivalent positions' . . . as contrary to law should jobs or substantially equivalent positions no longer exist." Id.

While these exceptions may relate to the subject matter of the evidence that Atlas now wishes to introduce, they are not exceptions to the contents of footnote 4. Footnote 4 merely states that Atlas will be able to present evidence at the compliance hearing that was not available at the time of the earlier unfair labor practice hearing. Atlas argues that it should be able to present evidence that was available at the time of that earlier hearing, but it cannot demonstrate that it filed an exception to or moved for reconsideration of the Board's policy that it may not do so. Further, Atlas does not attempt to demonstrate that its failure to file an exception, move for reconsideration, or otherwise object before the Board was excused by extraordinary circumstances. Because Atlas did not preserve this

5

issue by filing an exception and does not demonstrate extraordinary circumstances to excuse its failure, we lack jurisdiction to consider the merits of Atlas' objection to footnote 4.

## IV.

For the foregoing reasons, we will grant the Board's Application for Enforcement.