**NATIONAL LABOR RELATIONS BOARD**

v.

**CLEFF et al.**

**No. 14104.**

United States Court of Appeals, Ninth Circuit.

June 15, 1954.

———

George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, Elizabeth Weston, Jacques Schurre, Attys., N.L.R.B., Washington, D. C., for petitioners.

Mrs. Edwin Selvin, Beverly Hills, Cal., for respondent.

Before STEPHENS, ORR and FEE, Circuit Judges.

**PER CURIAM.**

This is a petition for enforcement of an order of the National Labor Relations Board. Although the respondents are in default since no papers have been filed by them in this Court and the General Counsel has moved for summary enforcement, we have carefully examined the record.

The Trial Examiner and the Board agreed in this case upon the findings of fact and the credibility to be given to the witnesses. The evidence was clear and substantial in support of the essential findings. The jurisdictional facts were clearly established. There was no designated collective bargaining agency, and the shop was not union organized at the time of the event. It was clearly shown that Cleff, one of the respondents, discharged one Ullo for raffling off a doll on the express grounds that it was a union organizational device. This was a violation of Section 8(a) (3) and (1) of the Act.[1] It was proved that Cleff ordered a forelady to "watch out" for union members, and thus sought to identify such members in its employ with the purpose of preventing the union from organizing the shop. Although the orders were not carried out, the forelady communicated the instructions to the employees. This interrogation and surveillance for the unlawful purpose of preventing organization were threats of reprisal against union members and potential union organizers, and were interdicted by Section 8(a) (1) of the statute. The order is therefore well founded and should be enforced.

1. 29 U.S.C.A. § 158(a) (3) and (1).

This Court will not examine the question of whether the methods and devices selected by the Board as adequate to cure the situation are in fact necessary.

The order will be enforced.