**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**INTERNATIONAL WOODWORKERS OF AMERICA, AFL–CIO, LOCAL UNION NO. 13-433, Respondent.**

**No. 15154.**

United States Court of Appeals Ninth Circuit.

Aug. 6, 1956.

---

Theophil C. Kammholz, General Counsel, David P. Findling, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Washington, D. C., for petitioner.

Halpin & Halpin, Redding, Cal., for respondent.

Before FEE, CHAMBERS and BARNES, Circuit Judges.

PER CURIAM.

National Labor Relations Board has petitioned this Court for summary entry of a decree enforcing its order in this case. Respondent International Woodworkers has filed a reply to the petition for summary entry of the decree, wherein it is set up that the Board affirmed the findings of the Intermediate Report and Recommended Order of the Trial Examiner without any consideration of the merits on the points raised in the exceptions of respondent thereto. It is also alleged that the Board did not make this summary adoption of the recommended order of the Trial Examiner for a week after it had actually received the exceptions of respondent thereto. The ground that the Board took was that the exceptions of respondent were not before it inasmuch as time was extended to respondent to have the exceptions in Washington on January 20, 1956, whereas the exceptions were not delivered to the Board until January 23, 1956. Respondent alleges on information and belief that respondent's exceptions actually were in Washington on January 20, 1956, but that they were not delivered to the office of the Board on that day because the office of the Board had closed at 4:00 p. m., on January 20, 1956, and did not reopen until 9:00 a. m., on January 23, 1956. The Board gave no consideration to this matter and affirmed summarily without adjudication of the merits.

Heretofore we have held that the Court would not enforce an order of the Board summarily simply because the respondent did not appear here, but would examine the record in order to discover whether the order was a proper one for this Court to enforce. We are entitled to consider whether or not this case falls under Section 10(e) of the National Labor Relations Act, 29 U.S.C.A. § 160(e), which provides in part:

"No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court unless the failure or neglect to urge such objection should be excused because of extraordinary circumstances."

If the objection was not properly made before the Board or its agency, the circumstances recited by respondent are so extraordinary that the Board should have considered the objections.

In any event, this Court is of opinion that the order should not be enforced by us until the Board has passed upon the record itself. Under these circumstances, the order of enforcement is

denied. The cause is remanded to the Board with directions to consider the matter on the merits, including the objections of respondent which are in its office.

While this Court does not disclaim its right to review the matter on the merits, National Labor Relations Board v. Cleff, 9 Cir., 214 F.2d 1, it is considered better practice to require the Board to pass upon the questions first.