**KIEKHAEFER CORPORATION,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD,** Respondent.

No. 12592.

United States Court of Appeals
Seventh Circuit.

Jan. 5, 1960.

Rehearing Denied Jan. 26, 1960.

James I. Poole, Milwaukee, Wis., for petitioner.

Thomas J. McDermott, Associate Gen. Counsel, Frederick U. Reel, Atty., Stuart Rothman, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Richard H. Frank, Attys., N.L.R.B., Washington, D. C., for respondent.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

The National Labor Relations Board issued a complaint alleging that petitioner had discriminatorily refused to recall an employee for re-employment because of his union activities, in violation of Section 8(a) (1) and (3) of the National Labor Relations Act, 29 U.S.C.A. § 158 (a) (1, 3). After hearing, the trial examiner, on December 29, 1958, issued his Intermediate Report and Recommended Order, recommending issuance of an Order directing (*inter alia*) reinstatement of the employee with back pay.

Pursuant to its Rules, the Board entered an order December 29, 1958, trans-

ferring the case to the Board. This order expressly stated:

"Exceptions to the Intermediate Report in this case must be received by the Board in Washington, D. C., on or before Jan. 21, 1959." and "Attention is specifically directed to the excerpts from the Rules and Regulations appearing on the page attached hereto."

The Rules provide that (1) exceptions must be filed within twenty days, before close of business of the last day, (or in such further period as the Board may allow) from the date of service of the order transferring the case, (2) that requests for extension of time must be received by the Board three days prior to the due date, and (3) that if no exceptions are filed, the Intermediate Report and Recommended Order will be adopted by the Board and become its Order, and all exceptions will be deemed waived.

Petitioner's counsel received the order transferring the case (with the attached excerpts from the Rules) on December 31, 1958. January 21st passed without filing of exceptions.

On January 22, 1959, the Board received exceptions which had been mailed from Milwaukee, Wisconsin, January 21st. The same day, the union, which had been the charging party in the proceedings before the Board, telegraphed the Board opposing acceptance of the late exceptions. January 23rd the Board wrote petitioner rejecting the exceptions as untimely. February 2d petitioner filed a motion that the Board entertain the exceptions. Feb. 9th, the Board issued an order in which it recited that the aforesaid motion was denied as there was no reasonable doubt as to the date the exceptions had been due in Washington, D. C., and no adequate reason had been given for the delay.

■ Section 10(c) of the Act, 29 U.S. C.A. § 160(c) provides for the Recommended Order to become the Board's Order where no exceptions are filed to the trial examiner's Intermediate Report and Recommended Order within twenty days of service on the parties. Nor on judicial review under Section 10(e), may this Court consider any objection which has not been urged before the Board, lacking excuse of such failure to object because of extraordinary circumstances. Kovach v. N. L. R. B., 7 Cir., 1956, 229 F.2d 138, 143. No extraordinary circumstances have been alleged.

■ The first question before us here is: Did the Board properly reject petitioner's exceptions to the trial examiner's Recommended Order as untimely? We hold that the Board did not err in refusing to consider the exceptions. Thus we do not reach the issues raised in those exceptions.

Petitioner argues that the exceptions were filed in apt time, having been mailed on the date due, or, in the alternative, that there was subtantial compliance with the Act and the Rules.

■ Section 10(c) provides that " * * * if no exceptions are *filed* within twenty days * * * " (emphasis added). Petitioner argues that the Board's Rules speak of filing and serving together. Section 102.46(a) refers to *filing* exceptions with the Board in Washington, D. C., and to *serving*, on other parties, copies of exceptions filed. Petitioner then invites our attention to Section 102.89 which permits service to be made by registered mail, etc., and to Section 102.90(a) which states that the date of service is the day when the matter served is deposited in the United States Mail or delivered in person. Thus petitioner sees an ambiguity resulting from use of both "service" and "filing" in these and other sections of the Rules.

We see no such ambiguity in these Rules. In any event, there can be no mistaking the clear statement included in the notification of transfer of the case to the Board:

"Exceptions to the Intermediate Report in this case must be received by the Board in Washington, D. C., on or before Jan. 21, 1959."

The excerpts inclosed, as aforesaid, included Section 102.91(b) which reads in part:

> "When the act or any of the rules * * * require the filing of * * * exception, or other paper in any proceeding, such document must be received * * * before the close of business of the last day of the time limit, * * * "

Nor can we agree with petitioner that the requirement of filing in Washington, D. C., is an arbitrary or capricious rule which improperly discriminates against counsel located geographically distant from Washington.

█ Filing exceptions is tantamount to filing a notice of appeal and must be fully accomplished within the period allowed by statute or rule. Howard v. Local 74, Wood, Wire & Metal, etc., 7 Cir., 1953, 208 F.2d 930, 932; Hilker & Bletsch Co. v. United States, 7 Cir., 1954, 210 F.2d 847, 849–850.

In support of the theory of substantial compliance, petitioner cites Jackson Chair Co., Inc., 110 N.L.R.B. 651, 652 (1954) and Gulf Coast Oil Co., 97 N.L.R.B. 1513, 1514 (1952). In Jackson, the exceptions were timely filed but failed to designate page and line number of the record to which reference was made (as required by Section 102.46 of the Rules). Amended exceptions curing the error were accepted on the ground that the exceptions as originally filed constituted substantial compliance and the error was promptly corrected. In Gulf Coast, a telegram requesting extension of time to file exceptions was timely received and the extension had been granted by telegram. Written copies of the request were not served. However, timely telephone notice had been given to opposing counsel who also received a copy of the Board's telegram granting the extension. This was held to constitute substantial compliance. Both cases are clearly distinguishable from the matter before this Court.

Petitioner also relies on National Labor Relations Board v. International Woodworkers, 9 Cir., 1956, 238 F.2d 378. There the Court found (at page 379) " * * * * the circumstances recited by respondent are so extraordinary that the Board should have considered the objections." The exceptions were actually in Washington on the due date before the official close of business, but were not delivered to the office of the Board only because that office had closed early on account of a severe snowstorm.

Petition to set aside the order of the Board, or, alternatively, to remand the case to the Board (with instructions to consider the merits of the exceptions) is denied.