NATIONAL LABOR RELATIONS
BOARD, Petitioner,
v.
MOONEY AIRCRAFT, INC., Respondent.

No. 19448.

United States Court of Appeals
Fifth Circuit.

Nov. 28, 1962.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Melvin J. Welles, Atty., Stuart Rothman, Gen. Counsel, William J. Avrutis, Peter M. Giesey, Attys., N. L. R. B., Washington, D. C., for petitioner.

Hal Rachal, Midland, Tex., for respondent.

Before HUTCHESON, WISDOM, and GEWIN, Circuit Judges.

PER CURIAM.

This case is before the Court on the petition of the National Labor Relations Board for summary enforcement of its order against Mooney Aircraft, Inc., issued August 24, 1961. The Board's decision and order are reported at 132 NLRB No. 100. The sole issues before the Court are whether respondent duly excepted to the Trial Examiner's intermediate report and whether the additional evidence the respondent now seeks to adduce is material and timely.

Section 10(e) of the National Labor Relations Act provides:

"No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."

Section 6 of the Act gives the Board authority to make "such rules and regulations as may be necessary to carry out the provisions of [the Act]." Under this authority, the Board's regulations (Sections 102.46 and 102.48) require that objec-

tions to an intermediate report be "legibly printed or otherwise legibly duplicated" and filed with the Board in Washington, D. C. within a specified period after the respondent has been served with a copy of the intermediate report. These rules have received judicial approval. N. L. R. B. v. Pugh and Barr, 4 Cir., 1952, 194 F. 2d 217; N. L. R. B. v. Noroian, 9 Cir., 1951, 193 F.2d 172; N. L. R. B. v. Auburn Curtain, 1 Cir., 1951, 193 F.2d 826; Kovach v. N. L. R. B., 7 Cir., 1956, 229 F.2d 138, 143, 144; Kiekhaefer Corp. v. N. L. R. B., 7 Cir., 1960, 273 F.2d 314, 316-317, cert. den'd 362 U.S. 950, 80 S.Ct. 861; 4 L.Ed.2d 868; N. L. R. B. v. Giustina Bros. Lumber Co., 9 Cir., 1958, 253 F.2d 371, 374-375.

■ The respondent admits in its answer that it filed no written exceptions. It contends that objections made during a telephone conversation between its attorney and an attorney for the Board constituted exceptions properly urged before the Board "agent or agency", within the meaning of Section 10(e) of the Act. In Kovach, in reviewing a similar contention, the court observed:

> "If we should hold that we will review matters raised before [the Board employee] even though not considered by the Board, because [he] is an 'agent' of the Board, we would virtually destroy § 102.46(b) of the Board's Rules. The Board could hardly continue to consider only those issues in the Intermediate Report to which formal exception is taken if the courts are going to review everything raised before the ['agent']."

We agree with the Seventh Circuit.

■ We consider the regulations reasonable and well within the scope of the Board statutory authority. The respondent's failure to comply with the regulations requiring the filing of written exceptions with the Board in Washington, D. C. entitle the petitioner to summary judgment. We find no extraordinary circumstances to excuse respondent from the necessity of complying with the regulations. In addition, after careful consideration, we find that the evidence which the respondent now seeks to adduce is immaterial as well as untimely.

The Board's motion for a summary judgment is herewith granted.