**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MOONEY AIRCRAFT, INC., Respondent.**

**No. 21119.**

United States Court of Appeals
Fifth Circuit.

April 5, 1967.

Rehearing Denied May 5, 1967.

See also 5 Cir., 366 F.2d 809.

Marcel Mallet-Prevost, Asst. Gen., Counsel, NLRB, Dominick L. Manoli, Assoc. Gen. Counsel, NLRB, Theodore J. Martineau, Washington, D. C., for petitioner.

Hal Rachal, Midland, Tex., for respondent.

Before RIVES and BROWN, Circuit Judges, and GARZA, District Judge.

PER CURIAM:

Based on the Board's determination that George E. Mays had been discriminatorily discharged in August 1962 by Mooney Aircraft, Inc., 142 NLRB 942, this Court earlier entered judgment enforcing the Board's order for reinstatement with backpay. NLRB v. Mooney Aircraft, Inc., 5 Cir., 1964, 337 F.2d 605.[1] Following an extensive supplemental evidentiary hearing before a trial examiner whose decision was upheld by the Board, this cause is once again before the Court. The Board seeks a supplemental decree enforcing its backpay award of $2,952.30. This included, with appropriate computation,[2] a finding that Mays,

---

1. Mooney Aircraft is no stranger to such litigation. See Mooney Aircraft, Inc., 138 NLRB 1331, enforced, NLRB v. Mooney Aircraft, Inc., 5 Cir., 1964, 328 F.2d 426; Mooney Aircraft, Inc., 132 NLRB 1194, enforced, NLRB v. Mooney Aircraft, Inc., 5 Cir., 1962, 310 F.2d 565.

2. Backpay was computed on the basis of mechanic A wages through the period of reinstatement on November 27, 1964. From and after August 4, 1964, down through March 31, 1965, the last quarter prior to the hearing, there was added to the award an amount equal to the differential between the wages of a Mechanic A and those of a leadman.

had he not been discriminatorily discharged, would have been promoted from mechanic A to leadman on August 4, 1964.

Considering the public interest objective in backpay orders and the narrow issue involved, arising as it does out of a detailed factual hearing, the Court is of the view that this 1962 unfair labor practice should now be vindicated without further delay.

■ There is substantial evidence in the record from which the Board could conclude that Mays, by virtue of his seniority, in all probability would under the terms of the collective bargaining agreement [3] have been promoted to leadman on August 4, 1964. There is no merit to the contention that this exceeds the scope of the Board's remedial powers under its order which provided, inter alia, that Mays be reinstated "without prejudice to his seniority or other rights and privileges." These included Mays' prospect of, and right to, promotions.

■ This determination likewise forecloses the Employer's assertion that the Board erred in awarding wages for the period subsequent to the date of reinstatement. Failure to promote to leadman was, the Board found, itself discriminatory. The relief granted [4] was therefore necessary to extinguish the effects of the discrimination.

The Employer's final assertion, that the Board's allowance for Mays' absence record was insufficient, is groundless.

Order enforced.

3. "In cases of transfer, lay off, promotion, shift assignment or recalling employees temporarily laid off, greater length of service governs if ability and efficiency are equal."

Testimony of the Employer's witnesses disparaging Mays' ability and efficiency were discredited by the trial examiner and Board.

4. This portion of the award related solely to the wage differential between the wages of a mechanic A and leadman, an award which Mays was, and will be, entitled to until the Company offers the promotion.