**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LOCAL UNION NO. 74, INTERNATIONAL ASSOCIATION OF MARBLE, SLATE AND STONE POLISHERS, RUBBERS AND SAWYERS, TILE AND MARBLE SETTERS' HELPERS, AND MARBLE MOSAIC AND TERRAZZO WORKERS' HELPERS OF the UNITED STATES AND CANADA, Respondent.**

**No. 71–1750.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 28, 1972.

Decided Jan. 3, 1973.

Marcel Mallet-Prevost, Patrick Hardin, Elliott Moore, NLRB, Washington, D. C., for petitioner.

Bernard M. Mamet, Chicago, Ill., for respondent.

Before DUFFY, Senior Circuit Judge, CAMPBELL*, Senior District Judge and ESCHBACH**, District Judge.

DUFFY, Senior Circuit Judge.

The instant case is before this Court for the second time [1] upon the application of the National Labor Relations Board (Board) for summary enforcement of its Order issued against the respondent Union to remedy violations of § 8(b)(1)(A) and (2) of the National Labor Relations Act (Act).[2]

The Board's General Counsel issued a Complaint on August 31, 1970 after an unfair labor practice charge had been submitted on behalf of one John R. Rodocker against the respondent Union. The Union was charged in the Complaint with violating § 8(b)(1)(A) and (2) of the Act under which an unfair labor practice is realized when a union causes an employer "to discriminate against an employee in violation of subsection (a)(3) of this section or to discriminate against an employee with respect to whom membership in such organization has been denied or terminated on some ground other than his failure to tender the periodic dues and the initiation fees uniformly required as a condition of acquiring or retaining membership;".

Pursuant to notice, a hearing on the Complaint was held in Indianapolis, Indiana on November 9, 1970. The Union was represented by counsel during the entirety of the proceedings before the Trial Examiner.

In his decision issued on December 21, 1970, the Trial Examiner made the finding that the Union had violated § 8(b)(1)(A) and (2) of the Act and made his recommendations for a Board Order. Upon his findings, the Trial Examiner recommended that an order be issued which would require the Union to cease and desist from the alleged unfair labor practices, to make reparation to employee Rodocker for any loss of earnings accrued since November 24, 1969, his date of discharge, and to post appropriate notices.

On December 21, 1970 an order was entered transferring the case to the Board with the recommendations of the Trial Examiner. The Union was supplied with a copy of the order which was accompanied by an annexed list of the internal Rules and Regulations of the Board pertaining to exceptions to a Trial Examiner's decision.[3] In a footnote to the order transferring the case to the Board, the Union was notified of

---

* Honorable William J. Campbell, Senior District Judge for the Northern District of Illinois is sitting by designation.

** Honorable Jesse E. Eschbach, District Judge for the Northern District of Indiana, Fort Wayne Division is sitting by designation.

1. On November 8, 1971, this Court entered judgment enforcing the Order of the Board following a similar application for summary enforcement which was not served upon or brought to the attention of the newly retained counsel for respondent Union. Upon being notified of the default judgment entered against his client, counsel for the Union moved to vacate the summary entry of judgment which motion was granted by our Court on November 23, 1971 to allow the present consideration of the Union's challenges to the validity of the Order.

2. 29 U.S.C. § 151 et seq.

3. Section 102.46 and 102.48 of the Rules and Regulations of the Board, Series 8 (29 C.F.R.), as well as § 10(c) of the Act, all in effect at the time the decision herein was rendered and the case transferred to the Board, provided that a party seeking to file exceptions to a decision was obliged to do so within twenty days after notice of transfer of the case to the Board. The Rules and the Act further provide in substance if no statement of exceptions is timely filed, the decision shall be adopted by the Board with all exceptions and objections being waived for all purposes.

the final date, January 13, 1971, that such exceptions were to be mailed to the Board pursuant to § 10(c) of the Act and the applicable Rules and Regulations of the Board.

The Union failed to file a statement of exceptions or any objection to the proposed decision of the Trial Examiner before the Board within the prescribed time.

On April 23, 1971, the Board adopted the findings, conclusions and recommendations of the Trial Examiner into its Order to the effect that Respondent Union caused the Company to discharge Rodocker because the latter had been expelled from the Union for a reason other than his failure to tender the periodic dues and initiation fees uniformly required as the condition of acquiring or retaining membership in respondent Union.

On August 12, 1971, after the respondent Union had retained new counsel, the Union filed a "Motion for Leave to File the Instant Motion for Reconsideration Before the Full Board," in which it urged the Board to reconsider the case, alleging that Rodocker was caused to be discharged from the Company because he had engaged in embezzlement and forgery with respect to Union funds. In the alternative, the Union suggested that the record be reopened to permit the introduction of new evidence. The Union in this motion and on appeal before our Court, alleged as grounds for a reopening or reconsideration the absence of a finding or conclusion by the Trial Examiner that the Union caused the discharge for arbitrary or irrelevant reasons or upon the basis of an unfair classification or for a motive designed to encourage Union membership. The Union asserts such a finding or conclusion is a jurisdictional prerequisite for a violation of § 8(b)(2) of the Act. Therefore, the Union argues in its motion and on appeal that the Board's Order is void and unenforceable.

The Board denied the motion of the Union for reconsideration on October 8, 1971 and then applied to our Court for enforcement of the Order. The Board in denying the motion noted that no exceptions had been filed to the Trial Examiner's decision and the facts alleged in the motion, if true, ". . . are not newly discovered evidence or previously unavailable, but were in existence at the time of the hearing before the Trial Examiner".

We now consider the respective claims of the parties in determining whether the Order of the Board should be enforced.

As noted previously, in this opinion, § 10(c) of the Act provides that a recommended order of a Trial Examiner in the absence of exceptions and objections within the statutory period, "shall become the order of the Board". Any subsequent attempt at reconsideration of the Order is thus precluded unless a moving party produces facts or circumstances to a Court of Appeals upon their application for leave to adduce additional evidence which may bring the case within one of the well delineated exceptions contained in § 10(e) of the Act.

§ 10(e) allows intervention by the Court of Appeals into a final Board Order in two situations. First, provision is made in § 10(e) that a respondent who fails to file timely exceptions or objections may be "excused because of extraordinary circumstances". Second, a respondent may be given leave by a Court of Appeals to adduce additional evidence upon the Court's consideration of a Board Order if the moving party ". . . shall show to the satisfaction of the Court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing . . .". If such a showing is made, the Court, as a recourse to the moving party, may order further proceedings before the Board for the purpose of presenting additional evidence.

There has been no showing by the Union that "extraordinary circumstances" existed which excused its fail-

ure to offer testimony or proof with respect to the alleged embezzlement or forgery before the Trial Examiner which might require judicial intervention. The only explanation offered by the Union to excuse such failure is the inexperience and lack of knowledge of Board procedures of their first counsel which was evinced from his failure to adduce such critical evidence or to offer exceptions. Therefore, it is clear that "extraordinary circumstances" did not prevent the Union from offering this evidence at the hearing or from filing timely objections thereto. We find there are no "extraordinary circumstances" presented before this Court which would justify appellate intervention. See N.L.R.B. v. District 50 United Mine Workers of America, 355 U.S. 453, 78 S.Ct. 386, 2 L.Ed.2d 401 (1958); Red Cross Drug Co. v. N.L.R.B., 419 F.2d 1245 (7 Cir., 1969); Kiekhaefer Corp. v. N.L.R.B., 273 F.2d 314 (7 Cir. 1960), cert. den. 362 U.S. 950, 80 S.Ct. 861, 4 L.Ed.2d 868 (1960).

In addition, various Courts have held that unfamiliarity of counsel with the Rules and Regulations of the Board and the Act is not an extraordinary circumstance which excuses the failure to file exceptions. N.L.R.B. v. Izzi, 343 F.2d 753 (1 Cir. 1965); N.L.R.B. v. Ferraro's Bakery, Inc., 353 F.2d 366 (6 Cir. 1965).

With respect to the second provision of § 10(e) excusing the failure to file exceptions and proffering relevant testimony at the initial hearing, the Court of Appeals in its sound judicial discretion may give leave to a moving party to offer further evidence before the Board only where the evidence is "material" and "reasonable grounds for the failure to adduce such evidence" are presented in a respondent's application to the Court. Southport Petroleum Co. v. N.L.R.B., 315 U.S. 100, 62 S.Ct. 452, 86 L.Ed. 718 (1942).

■ While the motion for reconsideration contained allegations and facts which, if adduced at the initial hearing before the Trial Examiner, might have had an impact on his determination and also possibly could be deemed material to this case, no reasonable grounds were advanced for the failure to come forward at the hearing or raise timely objections except for respondent's assertion that its first counsel was unskilled in N.L.R.B. proceedings. We find no need to rule on the materiality of the evidence to be offered when such evidence was readily available at the initial hearing. The inadvertence of counsel in adducing pertinent evidence at an initial hearing is not a reasonable ground for a Court of Appeals to grant application for additional evidence at a later time in the absence of exceptions. N.L.R.B. v. Aluminum Products Co., 120 F.2d 567 (7 Cir., 1941).

■ In an effort to avoid the consequences of its failure to meet the express requirements hereinbefore stated, the Union argues that the Trial Examiner failed to find that the motive of the Union in seeking Rodocker's discharge was arbitrary, capricious or tended to encourage Union membership; that such a finding is "jurisdictional". Therefore, the Union contends the Board Order is void for the absence of requisite jurisdictional findings and that an issue of invalidity can be raised at any time. We disagree. Clear from the record of the proceedings before the Trial Examiner is the fact that Rodocker did not lose his membership in the Union because of failure to pay Union dues and fees. Yet, the Company was advised by Union officials to discharge Rodocker and "not work him any more" because he had been expelled from the Union with no further elaboration. The Trial Examiner then made an express finding with respect to the Union's reason for causing the discharge. The only motive evident from and preserved in the Record was that Rodocker "had been expelled from [the Union] for reasons other than his failure to tender periodic dues and initiation fees . . .". We are of the opinion that given the Record in this case, no further finding regarding Union motive was ascertainable or

necessary from the facts presented before the Trial Examiner.

If the discharge herein precipitated from any reason other than non-membership which could be discerned from the Record, we could agree with the contention of the Union that a motivational finding should be made as to whether the Union was arbitrary in causing "an employer to discriminate against an employee in violation of subsection 8(a)(3)". But, we are not presented with such a violation herein, as evinced from the Record.

We are of the opinion that from the Record established before the Trial Examiner and presented to the Board, that the Board had a proper basis to find an unfair labor practice and this finding was properly made following the procedural guidelines of the Act and the Rules and Regulations of the Board itself.

Order enforced.