**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**E. B. COAL COMPANY and Helen Ann Coal Company, Respondents.**

**No. 73–1277.**

United States Court of Appeals,
Sixth Circuit.

Aug. 2, 1973.

Elliot Moore, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., John C. Getreu, Director, Region 9, N. L. R. B., Cincinnati, Ohio, for petitioner.

William R. Forester, Greene & Forester, Harlan, Ky., for respondents.

Before PECK, McCREE and MILLER, Circuit Judges.

This matter has come on to be considered upon the application of the National Labor Relations Board for summary entry of a judgment against respondents enforcing its order dated August 17, 1972. A hearing had theretofore been held pursuant to which the Trial Examiner issued a decision under date of June 30, 1972. Respondents did not take exceptions to said decision within the 20 day period after service thereof provided by Section 10(c) of the National Labor Relations Act, as amended (29 U.S.C. § 151 et seq.). Such filing of exceptions is tantamount to the filing of a notice of appeal and must be fully accomplished within the period prescribed. Kiekhaefer Corp. v. NLRB, 273 F.2d 314 (7th Cir. 1960). Respondents filed a response to the present application, but such filing cannot cure the lack of exceptions to the findings of the Trial Examiner. Retail Clerks International Association v. NLRB, 125 U.S. App.D.C. 63, 366 F.2d 642 (1966). In the premises, and having considered the entire transcript of record filed in this cause, the Court concludes that the said application for summary entry of judgment should be and it hereby is granted, and it is further

Ordered and adjudged that respondents, their officers, agents, successors, and assigns, shall:

1. Cease and desist from:

(a) Assisting or contributing support to UMW or to any other labor organization.

(b) Recognizing UMW, or any successor thereto, as the exclusive representative of their employees for the purposes of collective bargaining, unless and until said labor organization shall have demonstrated its exclusive majority representative status among said employees in a Board conducted election.

(c) Giving effect to the agreement with UMW entered into in August 1971, or to any extension, renewal or modification thereof, between the Respondents and the said union which may now be in force.

(d) Giving effect to any checkoff cards authorizing the deduction of periodic dues from wages for remittance to the aforesaid Union, prior to the date of compliance with this Judgment.

(e) Discriminatorily transferring, or otherwise discriminating against, any employees because of membership in, or activity on behalf of, any labor organization other than UMW.

(f) In any other manner interfering with, restraining, or coercing employees in the exercise of their right to self-organization, to form, join, or assist any labor organization, to bargain collectively through representatives of their own choosing, or to engage in concerted activities·for the purpose of collective bargaining or other mutual aid, or to refrain from any or all such activities.

2. Take the following affirmative action which the Board has found necessary to effectuate the purposes of the National Labor Relations Act, hereinafter called the Act:

(a) Withdraw and withhold recognition from the UMW, or any successor labor organization as the representatives of their employees, unless and until said organization shall have demonstrated its exclusive majority representative status in a Board-conducted election.

(b) Make whole the employees for all initiation fees and dues withheld from their wages and paid to the aforesaid union.

(c) Offer all employees transferred from the Helen Ann mine on August 2, 1971, and thereafter, because of non-membership in the UMW, reinstatement to their former jobs at that mine, if they so desire, without prejudice to their seniority or other rights and privileges.

(d) Make whole all of the employees described in the preceding paragraph for any loss of pay they may have suffered as a result of the discrimination against them, in the manner set forth in the section of the Trial Examiner's Decision entitled "The Remedy."

(e) Preserve, and upon request, make available to the Board, or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary or appropriate to analyze the amount of backpay due.

(f) Post at their mines in Harlan County, Kentucky, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 9, Cincinnati, Ohio, after being duly signed by the Respondents' authorized representative, shall be posted for a period of 60 consecutive days thereafter, in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondents to ensure that said notices are not altered, defaced, or covered by any other material.

(g) Notify the aforesaid Regional Director, in writing, within 20 days from the date of this Judgment, as to what steps the respondents have taken to comply herewith.

Appendix

# NOTICE TO EMPLOYEES

POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS,
ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD

## AN AGENCY OF THE UNITED STATES GOVERNMENT

WE WILL NOT give effect to our agreement dated August 2,
1971, with United Mine Workers of America, or to any
extension, renewal, modification, or supplement thereto,
unless and until that labor organization shall have
demonstrated its exclusive majority representative
status among our employees in a Board-conducted election.

WE WILL NOT contribute financial or other support to any
labor organization, or, in any other manner, interfere
with, restrain, or coerce our employees in the exercise
of their statutory rights.

WE WILL NOT give effect to any checkoff cards, heretofore
executed by our employes, authorizing deductions from
their wages for remittance to the aforesaid Union.

WE WILL refund to all our employees and former employees
from whose wages we have deducted funds, for transmittal
to the aforesaid Union, the amounts deducted from their
earnings subsequent to August 2, 1971, to the end that
each employee shall be reimbursed for such monies so
deducted.

WE WILL NOT discriminatorily transfer, or otherwise
discriminate against any employee because of membership
in, or activity on behalf of, any labor organization.

WE WILL offer all employees transferred from the Helen
Ann mine on August 2, 1971, and thereafter, for nonmem-
bership in the UMW, reinstatement to their former jobs
at that mine, if they so desire, or, if those jobs no
longer exist, to substantially equivalent positions,
without prejudice to their seniority or other rights and
privileges.

WE WILL make whole all of the employees described in the
foregoing paragraph for any loss of pay they may have
suffered as a result of the discrimination against them.

[A 7772]

WE WILL NOT in any other manner interfere with, restrain, or coerce employees in the exercise of their right to self-organization to form, join, or assist any labor organization, to bargain collectively through representatives of their own choosing, or to engage in concerted activities for the purpose of collective bargaining or other mutual aid, or to refrain from any and all such activities, except to the extent that this right may be affected by agreements in conformity with Section 8(a)(3) of the National Labor Relations Act.

E. B. COAL COMPANY
(Employer)

Dated _____ By _____
(Representative)            (Title)

HELEN ANN COAL COMPANY
(Employer)

Dated _____ By _____
(Representative)            (Title)

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, Building   Room 2407,

550 Main Street, Cincinnati, Ohio  45202  Telephone (513) 684-3686.

[A 7773]