# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2022

Lyle W. Cayce
Clerk

No. 22-60032

National Labor Relations Board,

*Petitioner*,

*versus*

Southwest Displays and Events, *doing business as* SWXGlobal Design & Production,

*Respondent*.

Application for Summary Entry of a Judgment of the
National Labor Relations Board
NLRB No. 16-CA-264618

Before Smith, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Southwest Displays and Events makes and delivers tradeshow exhibits. With certain exclusions, all its employees performing "production work" in its Dallas-based plant belong to a Union. The Union's relationship with Southwest, though, turned sour in the summer of 2020. That was when

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60032

Southwest withdrew its recognition of the Union.[1] It also refused to give the Union requested health-and-safety information.

The Union complained to the National Labor Relations Board. The NLRB filed a complaint against Southwest. An Administrative Law Judge found that Southwest violated the National Labor Relations Act by both withdrawing its recognition of the Union and refusing to provide it with the requested health-and-safety information. The NLRB's Board then transferred the case to itself. It informed Southwest that it had about a month to file exceptions to the ALJ's decision. *See* 29 C.F.R. § 102.46. Otherwise, the ALJ's decision was liable to stick. *See id.* § 102.48. Southwest never did. The Board adopted the ALJ's decision, and now asks us for a summary entry of judgment to enforce its order.

Congress has provided that "[n]o objection that has not been urged before the Board . . . shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. § 160(e). And we have emphasized that "fail[ing] to comply with the [Board's] regulations requiring the filing of written exceptions" entitles the Board to summary entry of judgment. *N.L.R.B. v. Mooney Aircraft, Inc.*, 310 F.2d 565, 566 (5th Cir. 1962) (per curiam). Southwest, for its part, does not dispute the facts. It only disputes that its conduct amounted to an FLSA violation. But that is a merits dispute, and disputing the merits is not the kind of extraordinary circumstance that exempts companies from the Board's procedural rules. Therefore, IT IS ORDERED that the Petitioner's application for summary entry of a judgment enforcing an order of the NLRB is GRANTED.

---

[1] Southwest about-faced its withdrawal of recognition about a year later, in June 2021.