# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2023

Lyle W. Cayce
Clerk

———————————

No. 21-60887

———————————

NATIONAL LABOR RELATIONS BOARD,

*Petitioner/Cross-Respondent*,

*versus*

TRI-COUNTY ELECTRIC COOPERATIVE, INCORPORATED,

*Respondent/Cross-Petitioner*.

———————————————————————

Application for Summary Entry of a Judgment Enforcing
and Cross-Petition for Review of an Order of the
National Labor Relations Board
NLRB No. 16-CA-260485

———————————————————————

Before DUNCAN and WILSON, *Circuit Judges*, and SCHROEDER, *District Judge*.[*]

PER CURIAM:[†]

The National Labor Relations Board ("NLRB" or "Board") seeks summary entry of a judgment enforcing its order determining that Tri-County Electric Cooperative, Inc. ("Tri-County") unlawfully discharged an

———————————

[*] United States District Judge for the Eastern District of Texas, sitting by designation.

[†] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

employee. Tri-County cross-petitions for review of that order, arguing that its exceptions, filed thirty minutes late, should have been considered by the NLRB. We conclude that the NLRB did not abuse its discretion in rejecting Tri-County's untimely exceptions. We therefore affirm the NLRB's order, grant summary entry of a judgment enforcing the order, and deny Tri-County's cross-petition for review.

I.

An administrative law judge ("ALJ") determined that Tri-County unlawfully discharged an employee. The day before the deadline to file exceptions to the decision, Tri-County requested an extension due to other work obligations. The NLRB denied this request because counsel had known about these work obligations for almost two weeks, and NLRB regulations required that extension requests filed within three days of a due date "be grounded upon circumstances not reasonably foreseeable in advance." 29 C.F.R. § 102.2(c).

Following the denial of the request, Tri-County submitted its exceptions and brief thirty minutes late. The NLRB rejected the filing as untimely. Tri-County responded by moving for a one-day extension to accommodate the late filing. The motion was unopposed, and all parties agreed that no undue prejudice would result from the extension. Tri-County explained that the filing was late because counsel had not accounted for the difference between Central and Eastern time zones. Under NLRB regulations, filings are due based on "the time zone of the receiving office." 29 C.F.R. § 102.2(b). Tri-County said it "completely missed" that requirement.

The NLRB denied the motion for an extension. Its regulations state that documents may be filed late "only upon good cause shown based on excusable neglect and when no undue prejudice would result." 29 C.F.R.

§ 102.2(d)(1). And the NLRB explained that "[t]he reasons for the late filing do not rise to the level of excusable neglect." Accordingly, without any exceptions to consider, the NLRB adopted the ALJ's decision. Tri-County moved for reconsideration, which the NLRB denied because Tri-County had "not identified any material error or demonstrated extraordinary circumstances warranting reconsideration under Section 102.48(c)(1) of the Board's Rules and Regulations." The NLRB filed an application in this court for summary entry of a judgment enforcing its order adopting the ALJ's decision, and Tri-County filed a cross-petition for review of that order.

## II.

The NLRB argues that Tri-County's excusable neglect arguments are jurisdictionally barred by § 10(e) of the National Labor Relations Act. We disagree.

Section 10(e) explains that, absent "extraordinary circumstances," "[n]o objection that has not been urged before the Board . . . shall be considered by the court." 29 U.S.C. § 160(e); *see also IBEW Loc. Unions 605 & 985 v. NLRB*, 973 F.3d 451, 461 (5th Cir. 2020) ("We have relied on Section 10(e) to bar appellate review of an issue not briefed to the Board, holding that the party's failure to adequately present its theory relieves the Board of an obligation to provide analysis on the issue."). Tri-County argues that it did present all these arguments to the NLRB at the agency level. Below, the NLRB pointed Tri-County to the excusable neglect standard, but Tri-County did not use the phrase "excusable neglect" in its filings. It did, however, lay out all of the facts and reasons behind the delay, explain that no undue prejudice would result (which is part of the standard), and explain that

No. 21-60887

the motion was "not sought for the purposes of delay only, but so justice may be done."

Although parties must generally raise any issues to the NLRB before appealing them, "this requirement can be measured in context. The purpose of § 10(e) is to give the Board notice and an opportunity to confront objections to its rulings before it defends them in court." *Indep. Elec. Contractors of Houston, Inc. v. NLRB*, 720 F.3d 543, 551 (5th Cir. 2013) (citing *Marshall Field & Co. v. NLRB*, 318 U.S. 253, 256 (1943)). This means that any objections "must be specific enough to place the agency on notice of the party's objections." *IBEW*, 973 F.3d at 460. If the NLRB has "fully considered the issue in dispute, . . . 'the policies underlying the [§ 10(e)] rule are not implicated.'" *Id.* at 461 (quoting *Indep. Elec. Contractors*, 720 F.3d at 551). We have also explained that "it would be difficult to hold [the § 10(e)] requirement as 'jurisdictional' in this court because the statute itself creates an exception." *Indep. Elec. Contractors*, 720 F.3d at 550.

There is no doubt the NLRB was on notice that Tri-County was making an excusable neglect argument. After all, when rejecting Tri-County's exceptions, the NLRB explicitly pointed Tri-County to the excusable neglect standard for untimely filings. Further, in Supreme Court cases where new arguments were considered forfeited, including one case the NLRB relies on here, there was no motion for reconsideration filed. *See id.* at 551 (distinguishing two cases on that basis: *Woelke & Romero Framing, Inc. v. NLRB*, 456 U.S. 645 (1982), and *International Ladies' Garment Workers' Union v. Quality Manufacturing Co.*, 420 U.S. 276 (1975)). Here, a motion for reconsideration was filed and included the grounds for the excusable neglect challenge and at least part of the standard itself. This unquestionably put the

NLRB on notice of the excusable neglect challenge, and so review of that challenge is not barred by § 10(e).

## III.

Accordingly, we consider the merits of the challenge. The NLRB's "action in finding lack of good cause based on excusable neglect is reviewed for abuse of discretion." *NLRB v. U.S.A. Polymer Corp.*, 272 F.3d 289, 296 (5th Cir. 2001). We conclude that the NLRB did not abuse its discretion in finding that a mistake about time-zone requirements and other work obligations did not constitute good cause.

In making its determination that the time-zone confusion did not rise to excusable neglect, the NLRB cited *Unitec Elevator Services Co.*, 337 NLRB 426 (2002). There, following the Supreme Court's then-recent guidance in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), the NLRB overruled one of its earlier decisions that a one-day delay due to an arithmetic error would constitute excusable neglect. *Unitec*, 337 NLRB at 427–28 ("expressly overruling" *Postal Serv.*, 309 NLRB 305 (1992)). In *Pioneer*, the Supreme Court explained that "[i]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," although the concept is "elastic." 507 U.S. at 392 (quotation omitted). The NLRB explained that, following *Pioneer*, "[h]enceforth, a late document will not be excused when the reason for the tardiness is solely a miscalculation of the filing date." *Unitec*, 337 NLRB at 428.

Analogous precedent from this court regarding the Federal Rules concludes that "in most cases, an attorney's simple misunderstanding . . . 'weighs heavily against a finding of excusable neglect.'" *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 525 (5th Cir. 2021) (quoting *Midwest Emps. Cas. Co. v. Williams*, 161 F.3d 877, 880 (5th

Cir. 1998)). "Our court has 'left open the possibility that some misinterpretations of the federal rules may qualify as excusable neglect,' but we have emphasized that 'such is the rare case indeed.'" *Ibid.* (quoting *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998)). We have also explained that when the rule is unambiguous, a district court's decision that the neglect was inexcusable "is virtually unassailable," because, "[w]ere it otherwise, 'almost every appellant's lawyer would plead his own inability to understand the law when he fails to comply with a deadline.'" *Halicki*, 151 F.3d at 470 (quoting *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997)). The same logic applies to the NLRB's determination here.

Nor did the NLRB abuse its discretion in rejecting the significance of counsel's other work obligations. As the NLRB explained, counsel was aware of these obligations for almost two weeks before the filing deadline. We have previously held that the NLRB did not abuse its discretion in rejecting a late filing when the party "was in the process of hiring a new lawyer[.]" *See U.S.A. Polymer*, 272 F.3d at 297. Given that Tri-County's counsel was well acquainted with the case, we decline to grant more leeway here.

To summarize: Tri-County's excusable neglect argument was substantively raised in filings before the NLRB and the NLRB was unquestionably on notice of it; so, we have considered it. The NLRB, however, did not abuse its discretion when it (1) determined that Tri-Country failed to show excusable neglect and (2) subsequently refused to consider the untimely filed exceptions. As a result, Tri-Party did not properly raise any exceptions to the NLRB's order. Summary entry of a judgment enforcing the NLRB's order is therefore appropriate. *See NLRB v. Sw. Displays & Events*, No. 22-60032, 2022 WL 636687, at *1 (5th Cir. Mar. 4, 2022) (unpublished) (per curiam) ("[W]e have emphasized that 'fail[ing] to comply with the [Board's] regulations requiring the filing of written exceptions' entitles the Board to summary entry of judgment." (quoting

*NLRB v. Mooney Aircraft, Inc.*, 310 F.2d 565, 566 (5th Cir. 1962) (per curiam))).

\*　　\*　　\*

Accordingly, we AFFIRM the NLRB's order, GRANT summary entry of a judgment enforcing the order, and DENY Tri-County's cross-petition for review.